**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC., a Delaware corporation,<br><br>  Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, JOEL WAYNE CUTHRIELL, MORGEN PECK, CATHERINE BYERLY, ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE NEW YORKER, and UNKNOWN INDIVIDUALS and COMPANIES,<br><br>  Defendants. | Civil Action No. _____<br><br>Removed from: THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS DEPARTMENT, LAW DIVISION<br><br>**NOTICE OF REMOVAL** |

Defendant Advance Magazine Publishers Inc. d/b/a The New Yorker ("The New Yorker"), by and through the undersigned counsel, hereby gives notice of removal of the above-captioned cause from the Circuit Court of Cook County, Illinois Department, Law Division pursuant to 28 U.S.C. § 1332. As grounds for removal, The New Yorker states as follows:

**I.   THE STATE COURT ACTION**

1. On or about April 4, 2024, Plaintiffs Brandon Smietana, Skycoin Global Foundation Limited, and Symbolic Analytics Inc. (collectively, "Plaintiffs") filed the original Complaint in the Circuit Court of Cook County, Illinois Department, Law Division in a civil action captioned *Brandon Smietana, Skycoin Global Foundation Limited, and Symbolic Analytics Inc. v. Bradford Stephens, Aaron Kunstman, Ryan Eagle, Joel Wayne Cuthriell, Morgan Peck, Catherine*

*Byerly, American Publishers, Inc. d/b/a Conde Nast d/b/a The New Yorker Magazine, Unknown Individuals and Companies*[1], Case No. 2024L003661 (the "State Court Action").

2. Attached as **Exhibit A** is a true and correct copy of the docket from the State Court Action. Attached as **Exhibit B** is a true and correct copy of all prior filings available on the docket in the State Court Action. Attached as **Exhibit C** is a true and correct copy of the original Complaint filed in the State Court Action.

3. Plaintiffs amended their complaint twice. Attached as **Exhibit D** is a true and correct copy of the First Amended Complaint.

4. The latest and operative Second Amended Complaint was filed on September 9, 2024 in the Circuit Court of Cook County, Illinois Department, Law Division and was captioned *Brandon Smietana, Skycoin Global Foundation Limited, and Symbolic Analytics Inc. v. Bradford Stephens, Aaron Kunstman, Joel Wayne Cuthriell, Morgan Peck, Catherine Byerly, Advance Magazine Publishers Inc. d/b/a The New Yorker, and Unknown Individuals and Companies*.[2] Attached as **Exhibit E** is a true and correct copy of the Second Amended Complaint ("SAC") currently operative in the State Court Action.

5. The SAC purports to bring ten causes of action: (1) Fraud against Defendants Stephens and Byerly; (2) Fraud against Defendants Stephens, Kunstman, and Cuthriell; (3) Civil Conspiracy against Defendants Stephens, Kunstman, Cuthriell, Peck, Byerly, and Unknown Individuals and Companies; (4) Tortious Interference against Defendants Stephens, Kunstman, Cuthriell, Byerly, and Unknown Individuals and Companies; (5) Unjust Enrichment against

---

[1] The original complaint sued Defendant The New Yorker under an incorrect name.

[2] In the Second Amended Complaint, Plaintiffs removed Defendant Ryan Eagle and corrected Defendant The New Yorker's name.

2

Defendants Stephens, Kunstman, Cuthriell, Byerly, and Unknown Individuals and Companies; (6) Defamation against Defendants Stephen and Peck (7) Defamation against Defendant The New Yorker; (8) Breach of Fiduciary Duty against Stephens, Kunstman, Cuthriell, Byerly, and Unknown Individuals and Companies; (9) Defendants Breach of Contract against Stephens, Kunstman, and Cuthriell; and (10) Violations of 735 ILCS 5/12-7.1 against Defendants Stephens and Kunstman.

6. The New Yorker denies any liability whatsoever under any theory and in any amount. Solely for purposes of this Notice of Removal, The New Yorker relies on Plaintiffs' allegations, as set forth in the SAC to satisfy the requirements of removal under 28 U.S.C. §§ 1332, 1441, and 1446.

## II. REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(B)

7. This Notice of Removal is timely. A notice of removal must be filed within thirty (30) days of service. 28 U.S.C. § 1446(b)(1).

8. The New Yorker accepted service of the original Complaint on August 20, 2024. A true and correct copy of the Summons is attached hereto as **Exhibit F.** A true and accurate copy of The New Yorker's letter filed in the State Court Action on August 23, 2024 stating it has accepted service of the Complaint is attached hereto as **Exhibit G**.

9. Plaintiffs filed their Second Amended Complaint on September 9, 2024, which created diversity between the parties by dropping Illinois resident defendant Ryan Eagle.[3]

10. Removal is accordingly timely.

---

[3] Even if this action had to be removed within 30 days of The New Yorker's August 20, 2024 acceptance of the summons and original complaint, removal would still be timely.

## I. THE STATE COURT ACTION IS REMOVABLE BASED ON DIVERSITY JURISDICTION

11. This matter is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a).

### 1. The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.

12. To remove an action pursuant to 28 U.S.C. § 1332, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

13. For each of the 10 counts, Plaintiffs seek at least $50,000 from defendants identified in the counts. In many of the counts, Plaintiffs seek $50,000 from *each* defendant identified. As such, Plaintiffs have alleged at least $1.4 million in amount in controversy, in addition to costs and other relief, well-exceeding $75,000.

### 2. Complete Diversity Exists Between the Parties.

14. Pursuant to 28 U.S.C. §§ 1332 and 1441, a civil action is removable if there exists complete diversity between the parties and no defendant is a citizen of the state in which an action is brought. Because no Plaintiff shares citizenship with any Defendant and no Defendant is alleged to be a citizen of Illinois, complete diversity exists under 28 U.S.C. § 1332(a)(1).

15. Plaintiffs allege that Plaintiff Skycoin Global Foundation Limited is a Singapore company with its principal place of business in Singapore. Ex. E ¶ 1. A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As

4

such, Plaintiff Skycoin Global Foundation Limited is a citizen of Singapore for the purpose of diversity jurisdiction.

16. Plaintiffs allege that Plaintiff Symbolic Analytics, Inc. is a Delaware corporation. Ex. C ¶ 5. Because a corporation is a citizen of its state of incorporation and its principal place of business, Plaintiff Symbolic Analytics, Inc. is a citizen of Delaware for the purpose of diversity jurisdiction. *See, e.g., Americold Realty Trust v. Congara Foods, Inc.*, 136 S. Ct. 1012, 1017 (2016); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

17. Plaintiffs allege that Plaintiff Brandon Smietana is a citizen of the United States but do not identify his state of citizenship. Ex. E ¶ 6. Prior filings in a related, earlier action, the Northern District of Illinois noted that Smietana was an Illinois citizen. *See Smietana, et al. v. Stephens, et al.* No. 22 CV 708, 2024 WL 965178, at *8 n. 5 (N.D. Ill. Mar. 5, 2024).

18. Plaintiffs allege that Defendant Bradford Stephens is a citizen of New York. Ex. E ¶ 7.[4]

19. Plaintiffs allege that Defendant Joel Wayne Cuthriell is a citizen of Oklahoma. Ex. E ¶ 8.

20. Plaintiffs allege that Defendant Aaron Kunstman is a citizen of Wisconsin. Ex. E ¶ 9.

21. Plaintiffs allege that Defendant Catherine Byerly is a citizen of Florida. Ex. E ¶ 11.

22. Plaintiffs allege that Defendant Morgan Peck is a citizen of New York. Ex. E ¶ 14.

---

[4] In the earlier Northern District of Illinois action, the Court noted that Stephens appeared to be an Illinois citizen. *See Smietana*, 2024 WL 965178, at *8 n. 5. In the current State Court Action, however, Plaintiffs have pled that Stephens is a New York citizen and this Notice follows Plaintiffs' allegations in the State Court Action.

23. Plaintiffs allege that Defendant The New Yorker is a New York company. Ex. E ¶ 15. Its principal place of business is New York. It is therefore a citizen of New York for purposes of diversity jurisdiction. *See, e.g., Americold Realty Trust*, 136 S. Ct. at 1017; *Hukic*, 588 F.3d at 427.

24. Accordingly, complete diversity exists between Plaintiffs and Defendants.

### III.     THE NEW YORKER SATISFIES THE REQUIREMENTS OF 28 U.S.C. § 1446

25. Removal to the United States District Court for the Northern District of Illinois, Eastern Division is proper because the Circuit Court of Cook County, Illinois is located within the Northern District of Illinois. *See* 28 U.S.C. §§ 93(a), 1446(a).

26. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon or by The New Yorker in the State Court Action are attached hereto as follows:

- Exhibit A:     Docket from the State Court Action
- Exhibit B:     All filings available on docket of State Court Action
- Exhibit C:     Complaint from the State Court Action
- Exhibit D:     First Amended Complaint from the State Court Action
- Exhibit E:     Second Amended Complaint from the State Court Action
- Exhibit F:     Summons for The New Yorker from the State Court Action
- Exhibit G:     Letter filed by The New Yorker noting acceptance of service

27. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." The only other Defendant in the SAC with a filed appearance in the State Court Action, Joel Wayne Cuthriell, consents to this removal. *See* **Appendix A**.

28. Concurrently with the filing of this Notice of Removal, The New Yorker will give written notice to all parties and will file a copy of this Notice of Removal with the clerk of the Circuit Court of Cook County, Illinois. *See* 28 U.S.C. § 1446(d).

## IV. RESERVATION OF RIGHTS AND DEFENSES

29. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of The New Yorker's rights to assert any defense, right, motions, or affirmative matter, including, but not limited to, the defense of: (1) lack of jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise. No statement or omission in this Notice of Removal shall be deemed an admission of any allegations or damages sought in the pleadings.

30. If any question arises as to the propriety of the removal of this action, The New Yorker respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. The New Yorker reserves its right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant The New Yorker respectfully removes this action from Cook County Circuit Court to this Court.

Dated: September 18, 2024

                                                                   Respectfully submitted,

                                                                   DAVIS WRIGHT TREMAINE LLP

                                                                   */s/ Harris L. Kay*

                                                                   Harris L. Kay
                                                                   Conor McDonough

300 North LaSalle Street, Suite 2200
Chicago, IL 60654
Phone: (312) 820-5460
harriskay@dwt.com
conormcdonough@dwt.com

Kate Bolger (*pro hac vice* forthcoming)
Nimra H. Azmi (*pro hac vice* forthcoming)
1251 Avenue of the Americas, Floor 21
New York, NY 10020
Phone: (212) 489-8230
katebolger@dwt.com
nimraazmi@dwt.com

*Attorneys for Defendant Advance Magazine Publishers Inc. d/b/a The New Yorker*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2024, I caused the foregoing Defendant's Notice of Removal to be served via electronic mail and First Class mail upon the following persons:

James Andreas Karamanis
Bonnie Luttrell
Michaela Coughlin
Barney & Karamanis, LLP
Two Prudential Plaza
180 North Stetson, 3050
Chicago, Illinois 60601
312-553-5300
james@bkchicagolaw.com
bonnie@bkchicagolaw.com
michaela@bkchicagolaw.com

*Attorneys for Plaintiffs*


Joel Wayne Cuthriell
8922 East 49th Place
Tulas Oklahoma 74145
(405) 582-0062
Joel@cuthriell.com

*Pro se*

                                            /s/ *Harris Kay*
                                            Harris Kay