IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, JOEL WAYNE CUTHRIELL, MORGEN PECK, CATHERINE BYERLY, ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE NEW YORKER, and UNKNOWN INDIVIDUALS and COMPANIES,<br><br>Defendants. | Civil Action No. 24-cv-08617<br><br>Judge: Hon. John Robert Blakey<br><br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

Defendant Advance Magazine Publishers Inc. d/b/a The New Yorker ("The New Yorker") and Plaintiffs Brandon Smietana, Skycoin Global Foundation Limited, and Symbolic Analytics Inc. (collectively, "Plaintiffs") (together, the "Parties), submit the following Joint Status Report pursuant to the Court's October 15, 2024 Order.

1. **TYPE OF INITIAL STATUS REPORT**

This report is being filed jointly by the Plaintiffs, Defendant The New Yorker, and Defendant Joel Wayne Cuthriell. Defendants Bradford Stephens, Aaron Kunstman, Morgan Peck, and Catherine Byerly are not a part of this filing as they have not been served nor appeared in this action.

2. **SERVICE OF PROCESS**

Defendants The New Yorker and Joel Wayne Cuthriell have been served with process and have filed appearances in this action. Plaintiffs have located residential addresses for Defendants

Bradford Stephens, Aaron Kunstman, Morgen Peck, and Catherine Byerly but Plaintiffs' process server has not been able to gain access to their respective residences despite multiple attempts at service. Plaintiffs intend on filing a Motion for Alternative Service to seek alternate means of serving Defendants Bradford Stephens, Aaron Kunstman, Morgen Peck, and Catherine Byerly with process. Plaintiffs expect to serve all unserved Defendants within sixty (60) days, pending this Court's ruling on Plaintiffs' forthcoming Motion for Alternative Service.

Plaintiffs have attempted to serve Defendant Bradford Stephens at two addresses in Brooklyn, New York and Chicago, Illinois, as well as at his purported place of business. Pursuant to a currently pending divorce proceeding in Cook County, Illinois between Stephens and his wife, Stephens is living in Chicago, Illinois and is being represented by Chicago-based Law Firm, Jordan Rosenberg Beerman, LLP. Plaintiffs are attempting to serve Stephens at the aforementioned Chicago address and through his counsel. Plaintiffs intend to seek alternative service on Stephens via posting and certified mail.

Plaintiffs have attempted to serve Defendant Aaron Kunstman on seventeen (17) occasions at his residential address in Milwaukee, Wisconsin. Plaintiffs' process server was able to contact Kunstman's neighbor, who confirmed that the address at which Plaintiff was attempting service was Kunstman's residence. Plaintiffs intend to seek alternative service on Kunstman via posting and certified mail.

Plaintiffs have attempted to serve Defendant Morgen Peck in New York, New York. Peck lives in a secure apartment building and Plaintiffs' special process server has not been able to gain access to Peck's unit and has left several notes. Plaintiffs intend to seek alternative service on Peck via certified mail.

Plaintiffs have attempted to serve Catherine Byerly at two addresses in Florida, as well as her purported place of work. Plaintiffs have identified a new address for Byerly in Florida at which they are presently attempting to serve Byerly.

## 3. THE NATURE OF THE CASE

### A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel

Plaintiffs

**BARNEY & KARAMANIS, LLP**
James A. Karamanis (lead attorney)

Defendant The New Yorker

**DAVIS WRIGHT TREMAINE LLP**
Kate Bolger (lead attorney)
Conor McDonaugh

**BRYAN CAVE LEIGHTON PAISNER LLP**
Brian A. Sher (local counsel)
Steven G. Trubac (local counsel)

### B. State the basis for federal jurisdiction

Plaintiffs filed this action in the Circuit Court of Cook County, Illinois, on April 4, 2024. On September 18, 2024, Defendant The New Yorker removed this action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(b). Federal jurisdiction in this case is appropriate on the basis of diversity. Complete diversity exists between the parties. Defendant The New Yorker is a New York corporation with its principal place of business in New York, and is thus a citizen of New York. Defendant Peck is likewise pled to be domiciled in and thus citizens of New York. Plaintiffs pleaded Defendant Stephens is domiciled in and a citizen of New York. SAC ¶ 7. Defendant Cuthriell is pled to be domiciled in and is thus a citizen of Oklahoma. Defendant Kunstman is pled be domiciled in and is thus a citizen of Wisconsin. Defendant Byerly is pled to be domiciled in and thus a citizen of Florida. Plaintiff Skycoin Global

3

Foundation Limited is pled to be a Singapore company and is thus a citizen of Singapore. Symbolic Analytics Inc. is pled to be a Delaware corporation and is thus a citizen of Delaware. Plaintiff Smietana is pled to be a citizen of the United States.

The amount in controversy also exceeds $75,000. Against all Defendants for all counts, Plaintiffs have pled that they seek at least $1.4 million in amount in controversy, in addition to costs and other relief, well-exceeding $75,000.

      **C.**    **Describe the nature of the claims asserted in the complaint and any counterclaims or affirmative defenses.**

Plaintiffs are in the business of developing software, hardware, design, and manufacture of a cryptocurrency called Skycoin. Plaintiffs claim that they were damaged while attempting to promote and develop their cryptocurrency. The operative Second Amended Complaint ("SAC") purports to bring ten causes of action: (1) Fraud against Defendants Stephens and Byerly; (2) Fraud against Defendants Stephens, Kunstman, and Cuthriell; (3) Civil Conspiracy against Defendants Stephens, Kunstman, Cuthriell, Peck, Byerly, and Unknown Individuals and Companies; (4) Tortious Interference against Defendants Stephens, Kunstman, Cuthriell, Byerly, and Unknown Individuals and Companies; (5) Unjust Enrichment against Defendants Stephens, Kunstman, Cuthriell, Byerly, and Unknown Individuals and Companies; (6) Defamation against Defendants Stephen and Peck (7) Defamation against Defendant The New Yorker; (8) Breach of Fiduciary Duty against Stephens, Kunstman, Cuthriell, Byerly, and Unknown Individuals and Companies; (9) Defendants Breach of Contract against Stephens, Kunstman, and Cuthriell; and (10) Violations of 735 ILCS 5/12-7.1 against Defendants Stephens and Kunstman.

Defendant The New Yorker disclaims all liability for the defamation claim brought against it for the reasons set forth in its motion to dismiss (ECF No. 15) and others. The New Yorker has moved to dismiss the Complaint because venue is not proper in the Northern District of Illinois. If

4

the Court denies that motion, The New Yorker anticipates filing a Rule 12(c) motion seeking to dismiss the Complaint on substantive grounds.

      **D.     State the major legal and factual issues anticipated in the case.**

AS TO THE NEW YORKER:

    (1) whether the statements or implications in suit are substantially true and/or Plaintiffs do not plead their falsity;

    (2) the statements in suit are non-actionable as opinion or hyperbole;

    (3) the statements or implications are not "of and concerning" Plaintiffs;

    (4) Plaintiffs fail to plead the allegedly defamatory statements with particularity;

    (5) the statements are not capable of defamatory meaning;

    (6) Plaintiffs fail to plead that Defendant The New Yorker made any defamatory implications with intent to convey the defamatory meaning;

    (7) Plaintiffs have not alleged (as they must because they are public figures and under the New York Anti-SLAPP law since the reporting addresses a matter of public interest) that the New Yorker made the allegedly defamatory statements or implications with actual malice;

    (8) Plaintiffs have failed to plead and were not damaged by any of the allegedly defamatory statements.

      **E.     Describe the type and calculation of damages and an other relief sought by Plaintiffs.**

Plaintiffs seek damages and costs in excess of at least $1.4 million.

**4.     PENDING MOTIONS AND CASE PLAN**

      **A.     Identify all pending motions.**

On October 21, 2024, Defendant The New Yorker filed a motion to dismiss the SAC, under Fed. R. Civ. P. 12(b)(3) & 28 U.S.C. § 1406(a), or in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York. *See* ECF No. 15. The Court set a briefing schedule on the motion to dismiss. ECF No. 19. No other motions are currently pending.

Plaintiffs intend on filing a Motion for Alternative Service regarding the remaining unserved Defendants.

### B. Proposal for Discovery & Case Management Plan

The Court has entered a briefing schedule on Defendant The New Yorker's Motion to Dismiss (ECF No. 19). Pursuant to that briefing schedule, Plaintiffs must respond to Defendant The New Yorker's Motion to Dismiss by November 18 or file an amended complaint by November 11. If Plaintiffs oppose to the motion to dismiss, Defendant must submit any reply to Plaintiff's response by December 2, 2024.

The parties have filed an Agreed Motion to Stay Discovery given the pending Motion to Dismiss (ECF No. 15). In addition, most of the Defendants in this action—Defendants Stephens, Peck, Byerly, and Kunstman—have not year appeared in this action. The parties believe discovery should be stayed pending resolution of the motion to dismiss and effectuation of service of process upon the remaining Defendants. The parties will work together to submit a schedule for any discovery, if necessary, following resolution of the motion to dismiss and service upon the remaining Defendants.

## 5. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The parties have discussed the advantages of a magistrate judge referral and do not consent to proceeding before the assigned magistrate judge at this time.

## 6. STATUS OF SETTLEMENT DISCUSSIONS

### A. Describe the status of settlement discussions

The parties are not presently pursuing settlement.

### B. Indicate whether the parties request a settlement conference

The parties do not request a settlement conference at this time.

Respectfully submitted,

6

Dated: November 8, 2024

| | |
|---|---|
| */s/James A. Karamanis* <br> James A. Karamanis <br> Barney & Karamanis, LLP <br> 180 N. Stetson Avenue, Suite 3050 <br> Chicago, Illinois 60601 <br> Phone: (312) 553-5300 <br> james@bkchicagolaw.com <br><br> *Attorneys for Plaintiffs* <br><br><br> */s/ Joel Wayne Cuthriell* <br> Joel Wayne Cuthriell (*pro se*) <br> 8922 East 49th Place <br> Tulsa, OK 74145 <br> (405) 582-0062 <br> Email: Joel@cuthriell.com | */s/ Kate Bolger* <br> Kate Bolger <br> Nimra H. Azmi (*pro hac vice* forthcoming) <br> Davis Wright Tremaine LLP <br> 1251 Avenue of the Americas, Floor 21 <br> New York, NY 10020 <br> Phone: (212) 489-8230 <br> katebolger@dwt.com <br><br> Conor McDonough <br> Davis Wright Tremaine LLP <br> 300 North LaSalle Street, Suite 2200 <br> Chicago, Illinois 60654 <br> Phone: (312) 820-5460 <br> conormcdonough@dwt.com <br><br> Brian Sher <br> Steve Trubac <br> Bryan Cave Leighton Paisner LLP <br> 161 North Clark Street, Suite 4300 <br> Chicago, Illinois 60601 <br> Phone: 312-602-5000 <br> brian.sher@bclplaw.com <br> steve.trubac@bclplaw.com <br><br> *Attorneys for Defendant Advance Magazine Publishers d/b/a The New Yorker* |