IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, JOEL WAYNE CUTHRIELL, MORGEN PECK, CATHERINE BYERLY, ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE NEW YORKER, and UNKNOWN INDIVIDUALS and COMPANIES,<br><br>Defendants. | Civil Action No. 24-cv-08617<br><br>Judge: Hon. John Robert Blakey<br><br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

## AGREED MOTION TO STAY DISCOVERY

Plaintiffs Brandon Smietana, Skycoin Global Foundation Limited, and Symbolic Analytics Inc. (collectively, "Plaintiffs") and Defendant Advance Magazine Publishers Inc. d/b/a The New Yorker ("The New Yorker"), Defendant Joel Wayne Cuthriell (together, the "Parties), by and through their respective undersigned counsel, respectfully request this Court stay all discovery in the above-captioned proceeding pending this Court's Decision on Defendant The New Yorker's Motion to Dismiss or in the Alternative to Transfer (Dkt. No. 15), and in support state as follows:

1. Plaintiffs filed this action in the Circuit Court of Cook County, Illinois, on April 4, 2024. With respect to Defendant The New Yorker, Plaintiffs brought one claim for defamation. On September 18, 2024, Defendant The New Yorker removed this action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(b). Dkt. No. 1.

2.     On October 21, 2024, Defendant The New Yorker filed a motion to dismiss the SAC, under Fed. R. Civ. P. 12(b)(3) & 28 U.S.C. § 1406(a), or in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1404(a) to the Southern District of New York. *See* Dkt. No. 15. The Court set a briefing schedule on the motion to dismiss. Dkt. No. 19.

3.     District courts have extremely broad discretion in controlling discovery, including to stay discovery. *See Crawford-El v. Britton,* 523 U.S. 574, 598-601 (1998); Fed. R. Civ. P. 26. Courts routinely stay discovery where, as here, a motion to dismiss is pending and/or relates to a threshold legal issue. *See, e.g., In re Clearview AI, Inc. Consumer Priv. Litig.,* No. 21 C 135, 2021 WL 5862495, at *1 (N.D. Ill. Aug. 31, 2021) (collecting cases). Moreover, while the filing of such a motion does not mean that a court will automatically stay discovery, "such stays are granted with substantial frequency." *Bilal v. Wolf,* No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007).

4.     The New Yorker's Motion to Dismiss for Improper Venue could resolve this case in its entirety—as to all parties—making a stay of discovery especially appropriate. *See In re Clearview,* 2021 WL 5862495, at *2; *see also Bilal,* 2007 WL 1687253, at *1 ("Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case-at least as to the moving party."). The New Yorker's alternative request for a transfer of this action to the Southern District of New York likewise recommends staying discovery until the motion's resolution. *See Thakkar v. ProctorU, Inc.*, No. 21-2051, 2021 WL 2589019, at *1 (C.D. Ill. May 24, 2021) (granting stay of discovery in light of pending motions to dismiss and transfer, noting "if the Court grants Defendant's Motion to Transfer Venue, this case will be transferred to another court.").

2

5. In addition, several named Defendants have not been served so commencing discovery at this time, even if the matter did remain in this Court would be inefficient.

6. While Plaintiffs believe they have brought this action in a proper venue, in the interest of conserving the Parties' and the Court's resources, they are agreeable to a stay of discovery pending resolution of Defendant The New Yorker's Motion to Dismiss, or in the Alternative, to Transfer. Therefore, the Parties agree a stay is appropriate pending resolution these Motions. *See Sprague v. Brook,* 149 F.R.D. 575, 578 (N.D. Ill. 1993) (staying discovery pending resolution of a motion to dismiss).

7. Moreover, the Parties that have appeared in this case make this request to stay discovery jointly, and as such, a stay of discovery pending resolution of the early potentially dispositive motion will not prejudice any party.

8. Therefore, because good cause exists, the Parties respectfully request this Court stay discovery until Defendant The New Yorker's Motion to Dismiss, or in the Alternative, to Transfer is fully briefed and adjudicated.

WHEREFORE, Defendant The New Yorker, Defendant Joel Wayne Cuthriell, and Plaintiffs Brandon Smietana, Skycoin Global Foundation Limited, and Symbolic Analytics Inc. respectfully request that this Court enter an order staying all discovery in this matter until the Motion to Dismiss, or in the Alternative, to Transfer is fully briefed and adjudicated

Respectfully submitted,

Dated: November 8, 2024

| | |
|---|---|
| */s/ James A. Karamanis* | */s/ Kate Bolger* |
| James A. Karamanis | Kate Bolger |
| Barney & Karamanis, LLP | Nimra H. Azmi (*pro hac vice* forthcoming) |
| 180 N. Stetson Avenue, Suite 3050 | Davis Wright Tremaine LLP |
| Chicago, Illinois 60601 | 1251 Avenue of the Americas, Floor 21 |
| Phone: (312) 553-5300 | New York, NY 10020 |

3

james@bkchicagolaw.com

*Attorneys for Plaintiffs*

Phone: (212) 489-8230
katebolger@dwt.com
nimraazmi@dwt.com

Conor McDonough
Davis Wright Tremaine LLP
300 North LaSalle Street, Suite 2200
Chicago, Illinois 60654
Phone: (312) 820-5460
conormcdonough@dwt.com

Brian Sher
Steve Trubac
Bryan Cave Leighton Paisner LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Phone: 312-602-5000
brian.sher@bclplaw.com
steve.trubac@bclplaw.com

*Attorneys for Defendant Advance Magazine Publishers d/b/a The New Yorker*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 8, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

*/s/ Kate Bolger*
Kate Bolger