**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC., a Delaware corporation, | |
| Plaintiffs, | Civil Action No. 24-cv-08617 |
| v. | Judge: Honorable Hon. John Robert Blakey |
| BRADFORD STEPHENS, AARON KUNSTMAN, JOEL WAYNE CUTHRIELL, MORGEN PECK, CATHERINE BYERLY, ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE NEW YORKER, and UNKNOWN INDIVIDUALS and COMPANIES, | Magistrate Judge: Hon. Keri L. Holleb Hotaling |
| Defendants. | |

**DEFENDANT ADVANCE MAGAZINE PUBLISHERS INC. D/B/A THE NEW YORKER'S OPPOSED MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) & 28 U.S.C. § 1406(a) OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

**Page**

PRELMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND ................................................................................. 2

    A.    The Parties ................................................................................. 2

    B.    The Article ................................................................................. 3

    C.    The Lawsuit ................................................................................. 4

ARGUMENT ................................................................................. 5

    I.    THE NORTHERN DISTRICT OF ILLINOIS IS NOT A PROPER VENUE ....... 5

    II.    IN THE ALTERNATIVE, TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK IS WARRANTED. ................................................................. 9

        1.    New York Is More Convenient for the Parties and Witnesses ................. 10

            a.    Plaintiffs' Choice of Forum Should Be Discounted .................... 10

            b.    Plaintiffs Have Not Pleaded that Illinois is the Situs of Material Events ................................................................. 11

            c.    Proof Can Be Easily Accessed in New York ............................... 13

            d.    New York Is More Convenient for *The New Yorker*'s Witnesses 13

            e.    Litigating in New York is More Convenient for Most of the Parties ................................................................. 14

        2.    Transfer to New York Would Serve the Interests of Justice ................... 14

CONCLUSION ................................................................................. 17

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aliano v. Quaker Oats Co.*,
  No. 16 C 3087, 2017 WL 56638 (N.D. Ill. Jan. 4, 2017) ........................................................13

*Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*,
  80 F. Supp. 3d 870 (N.D. Ill. 2015) ..........................................................................................6

*Am. Booksellers Ass'n v. Houghton Mifflin Co.*,
  No. CIV.A. 94-3311, 1994 WL 570172 (E.D. Pa. Oct. 18, 1994).........................................16

*Amorose v .C.H. Robinson Worldwide, Inc.*,
  521 F. Supp. 2d 731, 737 (N.D. Ill. 2007) ..............................................................................13

*Atl. Marine Constr. Co. v. U.S. Dist. Ct.*,
  571 U.S. 49 (2013)...................................................................................................................5, 9

*Auto-Owners Ins. Co. v. Websolv Computing, Inc.*,
  580 F.3d 543 (7th Cir. 2009) ...................................................................................................15

*Bd. of Forensic Doc. Exam'rs, Inc. v. Am. Bar Ass'n*,
  922 F.3d 827 (7th Cir. 2019) ...................................................................................................16

*Biomet, Inc. v. Stryker Howmedica Osteonics Corp.*,
  No. 03 C 6491, 2004 WL 769358 (N.D. Ill. Apr. 9, 2004)......................................................11

*Carrington v. Israel Emergency Alliance*,
  No. 21 C 3713, 2022 WL 1062337 (N.D. Ill. Apr. 8, 2022)...................................................7, 8

*Clark v. McDonald's Corp.*,
  No. 3:22-CV-00628-NJR, 2023 WL 2648467 (S.D. Ill. Mar. 27, 2023)..................................7

*Davis v. Costa-Gavras*,
  580 F. Supp. 1082 (S.D.N.Y. 1984).........................................................................................16

*Faraj v. Duvick*,
  No. 1:20-cv-4488, 2021 WL 1315631 (N.D. Ill. Apr. 8, 2021)...............................................13

*Faxel v. Wilderness Hotel & Resort, Inc.*,
  No. 19 C 4649, 2019 WL 6467317 (N.D. Ill. Dec. 2, 2019) ..................................................13

*Ford-Reyes v. Progressive Funeral Home*,
  418 F. Supp. 3d 286 (N.D. Ill. 2019) ........................................................................................6

*Gencor Pac., Inc. v. Fed. Lab'ys Corp.*,
  No. 07 C 168, 2007 WL 2298367 (N.D. Ill. Aug. 3, 2007) ..................................................7

*Illinois Computer Rsch., LLC v. Harpercollins Publishers, Inc.*,
  No. 10 C 5021, 2010 WL 4877501 (N.D. Ill. Nov. 22, 2010) ...............................................15

*Jaramillo v. DineEquity Inc.*,
  664 F. Supp. 2d 908 (N.D. Ill. 2009) .............................................................................11, 13

*Jasper v. Danone N. Am. Pub. Benefit Corp.*,
  No. 22 C 7122, 2023 WL 4492354 (N.D. Ill. July 12, 2023) ...............................................11

*Joint Ukrainian-Spanish Venture Inus v. United Indus. Int'l, Inc.*,
  No. 94 C 693, 1994 WL 571662 (N.D. Ill. Oct. 14, 1994) ...................................................10

*Kapoor v. Nat'l Rifle Ass'n of Am.*,
  343 F. Supp. 3d 745 (N.D. Ill. 2018) .................................................................................15

*Khan v. Hemosphere, Inc.*,
  No. 18 C 05368, 2019 WL 10947304 (N.D. Ill. Jan. 23, 2019) ..........................................8, 9

*Kjaer Weis v. Kimsaprincess Inc.*,
  296 F. Supp. 3d 926 (N.D. Ill. 2017) .................................................................................10

*Kulla v. Mayorkas*,
  No. 24-CV-03847, 2024 WL 4188017 (N.D. Ill. Sept. 13, 2024) ..........................................6

*Montgomery v. Risen*,
  No. 15-20782-CIV, 2016 WL 4119865 (S.D. Fla. Jan. 26, 2016)........................................17

*Nance v. NBCUniversal Media, LLC*,
  No. 16-11635, 2018 WL 1762440, at *5 (N.D. Ill. Apr. 12, 2018) .......................................5

*Nunes v. Cable News Network, Inc.*,
  No. 8:22-CV-2659-SCB-AEP, 2023 WL 2468646 (M.D. Fla. Mar. 1, 2023...........................9

*Powell v. Sparrow Hosp.*,
  No. 09 C 3239, 2010 WL 582667 (N.D. Ill. Feb. 12, 2010).....................................11, 12, 17

*Qualtex Corp. v. ATM Grp. Corp.*,
  No. 13 C 08914, 2014 WL 3495602 (N.D. Ill. July 14, 2014) ...............................................9

*Research Automation, Inc. v. Schrader-Bridgeport, Int'l, Inc.*,
  626 F.3d 973 (7th Cir. 2010) .............................................................................................14

*Santa's Best Craft, LLC v. Janning.*,
  2003 WL 21504522 (N.D. Ill. June 30, 2003) ...............................................................11, 17

*Shapiro v. Schiller*,
No. 02-1275 RLP.LFG, 2003 WL 24885791 (D.N.M. Mar. 3, 2003)......................................8

*Shepherd v. Am. Numismatic Ass'n*,
No. 13 C 8, 2013 WL 5798963 (N.D. Ill. Oct. 28, 2013) ...........................................10, 14, 15

*Smietana v. Stephens*,
No. 22 C 708, 2023 WL 3737720 (N.D. Ill. May 30, 2023) ....................................................4

*Smietana v. Stephens*,
No. 22 C 708, 2024 WL 965178 (N.D. Ill. Mar. 5, 2024) ...................................................3, 4

*Sterling Novelty, Inc. v. Smith*,
700 F. Supp. 408 (N.D. Ill. 1988) .......................................................................................17

*Tolbert v. Nationstar L.L.C.*,
No. 24-CV-9, 2024 WL 4253330 (S.D. Ill. Sept. 20, 2024)....................................................6

*Underground Sols., Inc. v. Palermo*,
41 F. Supp. 3d 720 (N.D. Ill. 2014) .....................................................................................16

*Villalobos v. Iowa Chi. & E. R.R. Corp.*,
No. 09 C 2342, 2009 WL 10713600 (N.D. Ill. Aug. 3, 2009)................................................13

*Williams v. State Farm Mut. Auto. Ins. Co.*,
No. 22 C 1422, 2023 WL 4106067 (N.D. Ill. June 21, 2023) ................................................10

*Yi v. Uber Techs., Inc.*,
No. 18 C 355, 2018 WL 5013568 (N.D. Ill. Oct. 15, 2018) ..................................................13

**State Cases**

*Glorioso v. Sun-Times Media Holdings, LLC*,
2024 IL 130137, ¶ 78 (Ill. 2024)........................................................................................16

*Zeitlin v. Cohan*,
197 N.Y.S.3d 211 (2023).....................................................................................................16

**Federal Statutes**

18 U.S.C. § 1836(b) (DTSA) ..................................................................................................4

18 U.S.C. § 1961 (RICO).........................................................................................................4

28 U.S.C. § 1391 ...................................................................................................................54

28 U.S.C. § 1391(b) ................................................................................................................5

28 U.S.C. § 1391(b)(2) .......................................................................................................6, 7

28 U.S.C. § 1391(b)(3) .................................................................................................6

28 U.S.C. § 1404(a) ...........................................................................................1, 2, 9, 17

**State Statutes**

735 ILCS 110/15 (2019) ..............................................................................................16

N.Y. Civ. Rights Law § 76-a ......................................................................................16

N.Y. Civ. Rights Law § 76-a(1)(a)(2) .........................................................................16

N.Y. Civ. Rights Law § 76-a(1)(d) .............................................................................16

**Rules**

Fed. R. Civ. P. 12(b)(3).............................................................................1, 2, 5, 9, 17

Defendant Advance Magazine Publishers Inc. d/b/a The New Yorker ("Advance" or "*The New Yorker*") moves to dismiss with prejudice the Third Amended Complaint ("TAC") of Plaintiffs Brandon Smietana ("Smietana"), Skycoin Global Limited ("Skycoin"), and Symbolic Analytics Inc. ("SA," and together with Smietana and Skycoin, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## PRELMINARY STATEMENT

The TAC does nothing to solve the complaint's central puzzle: why Plaintiffs brought this action in Illinois. Despite amending and despite the benefit of *The New Yorker*'s prior motion to dismiss the Plaintiff's Second Amended Complaint for improper venue, Plaintiffs merely insert a handful of superficial and self-serving allegations relating to venue that still fail to establish the necessary ties between this action and this District or Illinois. Critically, the TAC still does not plead any events giving rise to Plaintiffs' claims that occurred in this District. Plaintiffs' sole effort to satisfy venue is alleging—in direct contradiction to their prior allegation—that Defendant Bradford Stephens is an Illinois resident. But even if this allegation were true, it still cannot situs this lawsuit in this District, since the remaining Defendants are *not* Illinois residents, none of the events underlying the TAC are alleged to have occurred here, and there *is* a District where venue would otherwise be proper – the Southern District of New York.

In this case, Plaintiffs bring ten causes of action against six named defendants. As to Defendant Advance**,** which publishes *The New Yorker* magazine, Plaintiffs put forward a single defamation claim arising from the August 18, 2021 publication of an article on *The New Yorker*'s website titled *Pumpers, Dumpers, and Shills: the Skycoin Saga*, written by freelance reporter Defendant Morgan Peck (the "Article"). The Article—a meticulously reported and fact-checked piece, involving numerous interviews, including a lengthy on the record interview with Smietana

conducted in person in New York City—focuses on Smietana's development of the Skycoin cryptocurrency, Skycoin's rise, and the numerous issues that beset Plaintiffs globally.

As to the defamation claim against *The New Yorker*, the Article was written in New York and New Jersey (with some edits made in California and Alaska), almost entirely edited in New York, fact-checked and published in New York, and never references anything or anyone in Illinois. And despite opportunity to amend to add facts tying this action or the Article's publication to Illinois, Plaintiffs have failed to do so. Venue, therefore, is not proper in this District.

Given that even following amendment, Plaintiffs have not shown venue is proper here, the Court should thus dismiss this action with prejudice for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). Alternatively, if the Court deems venue is proper in this District, it should nevertheless transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), because the balance of equities and interests of justice weigh heavily in favor of transfer.

## FACTUAL BACKGROUND

### A.  The Parties

Plaintiff Skycoin alleges it is a "consortium of related entities involved in the development of software, hardware, design, manufacturing, and services." TAC ¶ 1. It is a Singapore company with its principal place of business in Singapore. *Id.* ¶ 4. Plaintiff SA is a company organized under Delaware laws and is part of Skycoin's "consortium." *Id.* ¶¶ 1, 5. Plaintiff Smietana is the "Chief Software Architect" of Skycoin and SA. *Id.* ¶ 6. He is a United States citizen. *Id.* The Complaint does not plead Smietana's state of residence.[1] The Article states that Smietana lived in China when

---

[1] At one point in 2022, Plaintiff Smietana represented himself in a separate, earlier lawsuit as an Illinois resident. *See Smietana v. Stephens*, No. 22 C 708, 2024 WL 965178, at *8 n.5 (N.D. Ill. Mar. 5, 2024). For this lawsuit, however, Smietana has not indicated any relationship to Illinois and in a recent phone call,

the Article was being reported. *See* Declaration of Nimal Eames-Scott ("Eames-Scott Decl."), Ex. A ("Smietana, who by then was living in Shanghai ....").

Defendant Advance is the publisher of *The New Yorker* magazine, a national magazine with a particular focus on the cultural life of New York City. TAC ¶ 16; Declaration of Fabio Bertoni ("Bertoni Decl.") ¶ 2 . It is a New York corporation with its principal place of business in New York. TAC ¶ 15; Bertoni Decl. ¶ 4.

Defendant Morgan Peck is also pled to be a New York resident. TAC ¶ 14. Defendant Joel Wayne Cuthriell is pled to be domiciled in Oklahoma, *id.* ¶ 8, Defendant Aaron Kunstman is pled to be domiciled in Wisconsin, *id.* ¶ 9, and Defendant Catherine Byrerly is pled to be domiciled in Florida, *id.* ¶ 11. The sole defendant pled to be an Illinois resident Defendant Bradford Stephens, *id.* ¶ 7, but Plaintiffs had previously stated that he was a New York resident, *see* SAC ¶ 7.

**B. The Article**

The Article describes events that occurred in New York City, Shanghai, and Las Vegas and *never* mentions Chicago, this District, or Illinois more broadly. *See generally* Eames-Scott Decl., Ex. A. In fact, at the time the Article was researched and drafted, *The New Yorker* was entirely unaware of any connection between Plaintiffs and Illinois. *Id.* ¶ 5. Indeed, Defendant Peck interviewed Plaintiff Smietana *in* New York City and described him in the Article as a Shanghai resident during the course of events being reported on. *Id.*; *see also id.* Ex. A. The Article was reported and written in New York and New Jersey. *Id.* ¶ 6. It was edited and fact-checked primarily in New York by *The New Yorker*'s New York-based editor and fact-checker (with some editing done in California and Alaska). *Id.* ¶¶ 7, 8. No part of the Article was written, edited, or fact-checked in Illinois. *Id.* ¶¶ 6-8.

---

Plaintiffs' counsel informed *The New Yorker*'s counsel that Mr. Smietana is presently in China. *See* Declaration of Katherine Bolger ("Bolger Decl.") ¶ 2.

On August 18, 2021, the Article was published exclusively online on *The New Yorker*'s website, which is managed from its office in New York. *Id.* ¶ 9.

### C. The Lawsuit

This is not the first iteration of this action. On February 8, 2022, Plaintiffs filed a similar lawsuit, purportedly arising from many of the same events identified here, including the publication of this Article, against many of the same Defendants. *See Smietana v. Stephens*, No. 22 C 708 (N.D. Ill.), Dkt. No. 1. On August 18, 2022, Plaintiffs amended to add *The New Yorker* as a defendant, although it was never properly served. *Id.* Dkt. No. 44. This Court dismissed that action twice. On May 30, 2023, this Court concluded that Plaintiffs had failed to plead their federal law claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b) ("DTSA") against Defendants Stephens and Byerly. *See Smietana v. Stephens*, No. 22 C 708, 2023 WL 3737720, at *1 (N.D. Ill. May 30, 2023). The Court further held that Plaintiffs had failed to allege a Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, claim against Stephens. *Id.*

After Plaintiffs filed a Third Amended Complaint, the Court took up the case again on March 5, 2024. *See Smietana*, 2024 WL 965178, at *4. Once more, it dismissed Plaintiffs' federal RICO and DTSA claims, this time with prejudice, and relinquished supplemental jurisdiction over Plaintiffs' state law claims. *See id.* at *1, *8.

Undaunted, Plaintiffs filed this lawsuit in the Circuit Court of Cook County, Law Division, on April 4, 2024. *See* Dkt. No. 1-3. Plaintiffs amended their state court complaint twice, filing their Second Amended Complaint on September 9, 2024. *See* Dkt. No. 1-5. On September 18, 2024, Defendant *The New Yorker* removed this action to federal court based on diversity jurisdiction. Dkt. No. 1. On October 14, 2024, *The New Yorker* moved to dismiss the SAC for improper venue or, in the alternative, to transfer. Dkt. No. 15. This Court then ordered the Plaintiffs to either amend

their SAC or respond to Defendant's Motion. Dkt. No. 19. Plaintiffs opted to amend and filed their TAC on November 11, 2024. Dkt. No. 28.

In the TAC (which, save for a handful of superficial additions, is identical to the SAC), *see* Bolger Decl., Ex. A, Plaintiffs bring a single claim for defamation against *The New Yorker* based on approximately 21 allegedly libelous statements and implications identified in the Article. *See* TAC ¶¶ 163-173.

## ARGUMENT

## I. THE NORTHERN DISTRICT OF ILLINOIS IS NOT A PROPER VENUE

The spare additional pleadings in Plaintiffs' TAC cannot absolve the original sin of this action: that this case is not properly venued in this District and must be dismissed.[2] "[W]hether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55-56 (2013). Venue is only proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to a claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any of the defendants are subject to the court's personal jurisdiction with respect to such action." *See* 28 U.S.C. § 1391(b). "Once a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that it filed its case in

---

[2] In addition to their sparseness, the amended pleadings are notable for their unexplained contradiction of prior allegations. In a transparent effort to avoid dismissal based on venue, Plaintiffs now aver that Defendant Stephens—whom they had previously alleged was a New York citizen, SAC ¶ 7—is conveniently, not only a citizen of Illinois but a resident of this District. This Court need not give weight to such an allegation. "Where the amended allegations flatly contradict the originals and there is no suggestion that the originals were made in error, courts have considered the different complaints together in the interests of justice." *Nance v. NBCUniversal Media, LLC*, No. 16-11635, 2018 WL 1762440, at *5 (N.D. Ill. Apr. 12, 2018). As the Court in *Nance* held in granting dismissal, "Allowing Plaintiff to remold his allegations around Defendants' Motions will only waste the Court's and the parties' time: Such earnest gamesmanship is not in the interests of justice and will not be allowed." Not only is such a self-serving reversal wasteful, as explained below, it still cannot remedy the defects in venue.

the proper district." *Kulla v. Mayorkas*, No. 24-cv-03847, 2024 WL 4188017, at *2 (N.D. Ill. Sept. 13, 2024). When deciding a Rule 12(b)(3) motion to dismiss, courts do not take as true allegations in the complaint contradicted by defendant's affidavits and can "consider evidence outside the pleadings to determine whether the chosen venue is appropriate." *Id.* Illinois federal courts dismiss claims for improper venue where no events based in the complaint occurred here. *See Tolbert v. Nationstar L.L.C.*, No. 24-cv-9, 2024 WL 4253330, at *2 (S.D. Ill. Sept. 20, 2024).

Here, even with opportunity to amend, Plaintiffs have not alleged facts that could carry their burden of establishing that venue is proper in this District, because they still do not allege any connection between their claims and this venue. Venue can only be proper here if "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" here. 28 U.S.C. § 1391(b)(2).[3] Events are considered "substantial" if they are "part of the historical predicate for the instant suit." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 877 (N.D. Ill. 2015) (citation omitted).

Plaintiffs still have not alleged that any event or omission related to any of their claims occurred in this District nor even that they suffered any reputational harm in the state. That is because they *cannot*, since "here, *no* part of the story took place in Illinois, let alone a substantial part of the story." *Ford-Reyes v. Progressive Funeral Home*, 418 F. Supp. 3d 286, 290 (N.D. Ill. 2019). Plaintiffs' failure to adduce such allegations even with the benefit of *The New Yorker*'s prior motion affirms that their claims have no relation to Illinois—a deficiency that mandates dismissal with prejudice. Instead of Illinois, it is clear that "a substantial part of the events or

---

[3] "If there is no district in which an action may otherwise be brought as provided in this section," venue can also be proper if "any defendant is subject to the court's personal jurisdiction" here. 28 U.S.C. § 1391(b)(3). However, this provision does not apply since, as set forth herein, this action could have been brought in New York where "a substantial part of the events or omissions giving rise to the claim occurred."

omissions giving rise to the claim[s]" in this case occurred in New York—where the Article was largely researched, drafted, edited, and published. *See* Eames-Scott Decl. ¶¶ 6-9. And while Plaintiffs claim that Defendant Stephens is now a resident of Illinois, they still do not connect any substantial actions taken by him in this District (or anyone else) to their claims. Rather, the TAC describes alleged events occurring elsewhere, *e.g.*, Nevada and China, TAC ¶¶ 43, 74, 75, but *never* mention Illinois as a situs of events. That Plaintiffs, even after amendment, still do not plead a substantial—or *any*—connection between their suit and this venue mandates dismissal.

In this lack of meaningful connection to this venue, this case resembles *Carrington v. Israel Emergency Alliance*, No. 21 C 3713, 2022 WL 1062337, at *2 (N.D. Ill. Apr. 8, 2022). In that defamation action, the Court granted defendant's motion to dismiss for improper venue, concluding that the out-of-state plaintiff had failed to connect her defamation claims to Illinois, since she pled no facts about losing business in Illinois,[4] or supporting with evidence the contention that she suffered reputational damage in the state. *Id.* As the Court noted in dismissing the case for improper venue, "the complaint makes no mention of Illinois at all." *Id.* Here, too, Plaintiffs never describe any material events, including purported reputational damage, occurring in Illinois.[5] *See generally* TAC. Illinois cannot be the proper venue for this action.

Plaintiffs' newly added self-serving allegations cannot artifice the relationship between this case and this District that can support venue. Plaintiffs state venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) predicated exclusively on Defendant Stephens' newly alleged residence

---

[4] Even lost business allegations would not suffice. "[A] plaintiff's economic harm suffered in a forum is not sufficient for a finding of proper venue under Section 1391(b)(2)." *Clark v. McDonald's Corp.*, No. 3:22-CV-00628-NJR, 2023 WL 2648467, at *3 (S.D. Ill. Mar. 27, 2023).

[5] Plaintiffs never plead that anyone in Illinois read the Article, but even if they had, "bare allegations that defendant made a defamatory statement …within this State does not fulfill its burden of proving that a substantial part of the events giving rise to this suit took place in this district." *Gencor Pac., Inc. v. Fed. Lab'ys Corp.*, No. 07 C 168, 2007 WL 2298367, at *2 (N.D. Ill. Aug. 3, 2007).

here. TAC ¶ 21. Unfortunately for Plaintiffs, the statute's plain language makes clear that this is not enough. Under 28 U.S.C. § 1391(b)(1), a defendant's residence in a district can *only* render venue proper "if *all* defendants are residents of the State in which the district is located." *Id.* (emphasis added)[6]; *see also Goodman v. Clark*, No. 08 C 4752, 2009 WL 3462535, at *3 (N.D. Ill. Oct. 22, 2009) (deeming venue improper in this District under 28 U.S.C. § 1391(b)(1) "since all of the Defendants do not reside in the same state"). That is simply not the case here. Instead, the other defendants are pled to be residents of New York, Wisconsin, Florida, and Oklahoma. TAC ¶¶ 8, 9, 11, 14, 15. At bottom, that Plaintiffs now plead that Defendant Stephens allegedly resides in this District is still not enough to lay venue here.

Accordingly, the interests of justice support dismissal—not transfer—under § 1406(a). "As written, the statute directs that dismissing the case serves as the default option for the Court." *Khan v. Hemisphere, Inc.*, No. 18 C 05368, 2019 WL 10947304, at *1 (N.D. Ill. Jan. 23, 2019) ("Given that the case is essentially in its infancy with no discovery underway, dismissal without prejudice is the appropriate resolution here rather than determining appropriate venue."). *Id.* at *2. On the TAC's face—which, despite amendment, still fails to describe a single event in this District—it was foreseeable to Plaintiffs that Illinois is not a proper venue, further supporting that the interests of justice favor dismissal. *See Shapiro v. Schiller*, No. 02-1275 RLP/LFG, 2003 WL 24335791, at *2 (D.N.M. Mar. 3, 2003) (finding that the interest of justice supports dismissal not transfer of libel action "at the time of filing it was obvious that venue was improper in this forum."). Courts around the country have dismissed libel actions for similar reasons. *See, e.g.*, *Carrington*, 2022 WL 1062337, at *2; *see also Shapiro*, 2003 WL 24335791, at *1 ("[I]t is undisputed that no defendant resides in New Mexico and that *no* events giving rise to this action took place in New

---

[6] *See also supra* note 3.

Mexico. Accordingly, venue in New Mexico is improper whether or not this court has personal jurisdiction over the parties."); *Nunes v. Cable News Network, Inc.*, No. 8:22-cv-2659-SCB-AEP, 2023 WL 2468646, at *6 (M.D. Fla. Mar. 1, 2023) (granting motion to dismiss for improper venue where defendants "did nothing relevant to this action in Florida"), *appeal dismissed*, No. 23-11038-D, 2023 WL 4248936 (11th Cir. May 22, 2023).

Because all of the Defendants are not Illinois residents, because *no* part of the events or omissions giving rise to this action occurred here (let alone a *substantial* part), and because there *is* a District in which action may be properly brought – the Southern District of New York, the Northern District of Illinois is not a proper venue and this case should be dismissed for improper venue with prejudice under Rule 12(b)(3) and 28 U.S.C. § 1406(a).

## II.     IN THE ALTERNATIVE, TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK IS WARRANTED.

Even if venue were proper in this District (which it is not), this Court should transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Atl. Marine Constr.*, 571 U.S. at 59. "A transfer under § 1404(a) is appropriate if (1) venue is proper in the proposed transferee district, (2) the transferee district is more convenient for the parties and witnesses, and (3) transfer would serve the interests of justice." *Qualtex Corp. v. ATM Grp. Corp.*, No. 13 C 08914, 2014 WL 3495602, at *2 (N.D. Ill. July 14, 2014).

The Southern District of New York meets these requirements.[7] Venue is proper in the Southern District of New York, because, as explained above, "a substantial part of the events or omissions giving rise to this action occurred here." *See* Eames-Scott Decl. ¶¶ 5-9. The remaining two factors are also met since the Southern District of New York is as or more convenient to the parties and the witnesses, many of whom are located in New York, and transfer to New York will serve the interests of justice because New York courts have a particular interest in resolving defamation claims against New York publishers like Defendant *The New Yorker*.

### 1. New York Is More Convenient for the Parties and Witnesses

To evaluate convenience, this District weighs five factors: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Williams v. State Farm Mut. Auto. Ins. Co.*, 678 F. Supp. 3d 980, 1002-03 (N.D. Ill. 2023) (quoting *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017)). Taken together, these factors summarily favor transfer to the Southern District of New York.

### a. Plaintiffs' Choice of Forum Should Be Discounted

*First*, Plaintiffs' choice of forum merits no deference because they have failed to plead a single fact showing a "reasonable relationship to the cause of action" with the Northern District of Illinois or that Illinois is even their home forum. *Joint Ukrainian-Spanish Venture Inus v. United Indus. Int'l, Inc.*, No. 94 C 693, 1994 WL 571662, at *2 (N.D. Ill. Oct. 14, 1994); *Shepherd v. Am.*

---

[7] From the TAC's face, it is unclear whether Defendants Catherine Byerly (Florida) and Aaron Kunstman (Wisconsin), who have not yet been served in this action, and Joel Cuthriell (Oklahoma), who has, are subject to personal jurisdiction in the Southern District of New York. While that may be a hindrance in other contexts, here it is not because nothing in the TAC suggests they are subject to personal jurisdiction in Illinois either. In fact, that they are potentially not subject to personal jurisdiction here in Illinois or in New York favors dismissal. *See Khan*, 2019 WL 10947304, at *1.

*Numismatic Ass'n*, No. 13 C 8, 2013 WL 5798963, at *3 (N.D. Ill. Oct. 28, 2013) (where plaintiffs' chosen forum is not their home forum, that choice is entitled to minimal deference).

Further, plaintiff's choice of forum merits even less deference when, as here, "another forum has a stronger relationship to the dispute." *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009) (citation omitted); *accord Jasper v. Danone N. Am. Pub. Benefit Corp.*, No. 22 C 7122, 2023 WL 4492354, at *2 (N.D. Ill. July 12, 2023). In *Jasper*, the court discounted the plaintiff's choice of forum because plaintiff's consumer fraud claims had almost no connection to Illinois, whereas the transferee forum was where most of the defendant's relevant decisions took place and where defendant was headquartered. *Id.* Here, too, Plaintiffs have pleaded no connection between their claims and Illinois, while *The New Yorker* is incorporated and has its principal place of business in New York, which is largely where the Article was researched and written, edited, fact-checked, and published. *See* Eames-Scott Decl. ¶¶ 5-9. Plaintiffs' seemingly random choice of Illinois is entitled to no deference.

### b. Plaintiffs Have Not Pleaded that Illinois is the Situs of Material Events

*Second*, Plaintiffs have not pleaded that the situs of material events is in this District or even in Illinois. To the contrary, the material events alleged in the TAC occurred in New York, Nevada or abroad. As to *The New Yorker* specifically, the reporting, researching, writing, editing, fact-checking, and publication of the Article were focused in New York, Eames-Scott Decl. ¶¶ 5-9, meaning that *New York* is the "situs" of the defamation claim. *See Powell v. Sparrow Hosp.*, No. 09 C 3239, 2010 WL 582667, at *3 (N.D. Ill. Feb. 12, 2010) ("situs" of events was Michigan, where defendants had allegedly "conveyed false, negative information about the plaintiff"); *Biomet, Inc. v. Stryker Howmedica Osteonics Corp.*, No. 03 C 6491, 2004 WL 769358, at *5 (N.D. Ill. Apr. 9, 2004) (false information was drafted and distributed in New Jersey, making it the situs

and supporting transfer). In this way, this case is like *Santa's Best Craft, LLC v. Janning*. There, the Court decided to transfer a defamation action because defendants were located in transferee district, where the allegedly defamatory statements were written, and the website on which the statements were published was centered and maintained. No. 02 C 9529, 2003 WL 21504522, at *3 (N.D. Ill. June 30, 2003). So, too, here: the Article was largely written, edited, and fact-checked in New York (and not at all in Illinois); *The New Yorker* is incorporated in New York and has its principal place of business in New York; and its website, where the Article was published, is centered in New York. *See* Bertoni Decl. ¶ 4; Eames-Scott Decl. ¶ 9.

Although Plaintiffs now plead that Defendant Stephens, originally designated a New York resident, is from Illinois, that cannot shift the situs of material events, since no facts connect any action by him in this District to their case. "Material events" cannot be simply satisfied by a defendant's residence. Rather, these are "the actions the defendants took that allegedly caused the economic damage." *Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 731 (N.D. Ill. 1997) (finding that because the actions that damaged plaintiff were alleged to have occurred in Houston that was the situs of material events). Thus, in *Goodman*, 2009 WL 3462535, at *4, this Court granted transfer, where certain defendants were pled to be Illinois residents but "the events relating to the allegations in the amended complaint all occurred in Indiana." But Plaintiffs plead only actions by Defendant Stephens in China and Las Vegas—not Illinois.

Lastly, to the extent that a plaintiff's residence is even part of the situs analysis for a defamation claim, *see Powell*, 2010 WL 582667, at *3, Smietana remains silent on his residence and Skycoin Global and Symbolic Analytics pleaded only Singapore and Delaware domiciles, respectively. TAC ¶¶ 4, 5. These allegations plead no situs in Illinois nor have Plaintiffs made any real attempt to do so via amendment. This factor strongly favors transfer to New York.

### c. Proof Can Be Easily Accessed in New York

*Third*, proof as to the Plaintiffs' claims against *The New Yorker* is easily accessed in New York. Key to this inquiry is where "documents and decision making employees of the [d]efendants are located." *Jaramillo*, 664 F. Supp. 2d at 914. All of *The New Yorker*'s evidence is located in New York. Bertoni Decl. ¶ 5. Additionally, Defendant Peck is pleaded to be a New York resident, TAC ¶ 7, indicating that her evidence too would be in New York. Regardless of where the other parties store their evidence, "[w]ith the advent of electronic discovery, where records are actually stored is less of a factor because documents now are easily scanned, stored, and electronically transmitted and moving them no longer creates the onerous burden it may once have imposed." *Aliano v. Quaker Oats Co.*, No. 16 C 3087, 2017 WL 56638, at *2 (N.D. Ill. Jan. 4, 2017) (citation omitted). Accordingly, this factor either tips towards New York or is neutral.

### d. New York Is More Convenient for *The New Yorker*'s Witnesses

*Fourth*, New York is the most convenient forum. "The convenience of witnesses is often viewed as the most important factor in the transfer balance." *Yi v. Uber Techs., Inc.*, No. 18 C 355, 2018 WL 5013568, at *3 (N.D. Ill. Oct. 15, 2018) (citation omitted). Supporting transfer, the TAC nowhere suggests that any potential nonparty witnesses reside in Illinois. *See Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 737 (N.D. Ill. 2007) (transfer more convenient for witnesses when plaintiffs "identified no witnesses who reside in this district"). As to *The New Yorker*, the witnesses who could testify as to its alleged liability, who are of "primary importance" in this analysis, are all located in New York. Bertoni Decl. ¶ 5; *Faxel v. Wilderness Hotel & Resort, Inc.*, No. 19 C 4649, 2019 WL 6467317, at *6 (N.D. Ill. Dec. 2, 2019). New York is therefore the most convenient for them.

13

###### e.    Litigating in New York is More Convenient for Most of the Parties

*Fifth*, New York, on balance, is more convenient for the parties. "In considering the convenience of the parties, we weigh 'the parties' respective residences and their ability to bear the expenses of litigating in a particular forum." *Faraj v. Duvick*, No. 1:20-cv-4488, 2021 WL 1315631, at *3 (N.D. Ill. Apr. 8, 2021) (citation omitted); *see also Villalobos v. Iowa Chi. & E. R.R. Corp.*, No. 09 C 2342, 2009 WL 10713600, at *2 (N.D. Ill. Aug. 3, 2009) (case transferred where no party had significant connection to Eastern Division). Litigating in New York is more convenient for *The New Yorker* as it is its principal place of business and its employees who are likely to be deposed are also in New York. Bertoni Decl. ¶ 5. Defendant Peck is also a New York resident. TAC ¶ 7. Delaware, Plaintiff SA's state of incorporation, TAC ¶ 5, is closer to New York than Illinois. While New York is slightly less favorable for Defendant Kunstman, a Wisconsin resident, and Defendant Cuthriell, an Oklahoma resident, it is neutral as to Plaintiff Skycoin (Singapore) and Defendant Byerly (Florida), with flights to New York or Chicago from their respective locations of roughly equal time and convenience. Because only one party, Defendant Stephens, is pled to have a connection to Illinois, TAC ¶ 7 (and he had previously been identified as a New York citizen, SAC ¶ 7) and because New York is overall more convenient for more parties, this factor favors transfer.

###### 2.    Transfer to New York Would Serve the Interests of Justice

*Finally*, because the interests of justice support transfer, this alone recommends that this case be transferred to the Southern District of New York. "The interest of justice inquiry focuses on the efficient administration of the court system, rather than the private considerations of the litigants." *Shepherd*, 2013 WL 5798963, at *4. In evaluating the interests of justice, a court will consider "docket congestion and likely speed to trial" in each forum, "each court's relative

familiarity with the relevant law," "the respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy." *Kapoor v. Nat'l Rifle Ass'n of Am.*, 343 F. Supp. 3d 745, 750 (N.D. Ill. 2018) (quoting *Research Automation, Inc. v. Schrader-Bridgeport, Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010)). "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Shepherd*, 2013 WL 5798963, at *4. Here, the interest of justice weighs heavily in favor of the Southern District of New York, recommending transfer.

**Docket Congestion.** Docket congestion and speed to trial strongly favor transfer to the Southern District of New York. In assessing this factor, even a "small statistical difference" between two districts can weigh in favor of transfer. *Illinois Computer Rsch., LLC v. Harpercollins Publishers, Inc.*, No. 10 C 5021, 2010 WL 4877501, at *6 (N.D. Ill. Nov. 22, 2010) (time to trial in this District supported transfer to Southern District of New York). As of March 31, 2024, in the Southern District of New York, there were 11,384 cases filed and 12,139 pending, and the average run from filing to trial is 43.3 months.[8] The Northern District of Illinois is much higher. In the same period, 18,072 cases were filed, 19,356 cases pending, and the average time between filing to trial is 55.4 months—a whole additional year.[9] These differences heavily support transfer to the Southern District of New York.

**New York's Familiarity with the Law.** The choice-of-law factor strongly favors transfer of this action to the Southern District of New York. A federal court sitting in diversity applies the forum state's choice-of-law rules. *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d

---

[8] *Table C-1—U.S. District Courts–Civil Federal Judicial Caseload Statistics*, UNITED STATES COURTS (Mar. 31, 2024), *available at* https://www.uscourts.gov/file/78649/download; *Table T-3—U.S. District Courts–Trials Federal Judicial Caseload Statistics,* UNITED STATES COURTS (Mar. 31, 2024), *available at* https://www.uscourts.gov/file/78729/download.

[9] *Id.*

543, 547 (7th Cir. 2009). Illinois choice-of-law rules use the "most significant relationship" test. *See Underground Sols., Inc. v. Palermo*, 41 F. Supp. 3d 720, 722 (N.D. Ill. 2014). Here, New York, where the Article was published, has the "most significant interest" in this litigation—not Illinois, since Plaintiffs are not even domiciled here and they have pleaded no connection between this State and their defamation claim.[10] Moreover, a conflict exists between the much narrower Illinois Anti-SLAPP law, which would *not* apply here, 735 ILCS 110/15 (2019), and the much broader New York Anti-SLAPP law which *would*, N.Y. Civ. Rights Law § 76-a.[11] Where two states' anti-SLAPP laws differ, "the Court must determine which state's statute applies." *Underground Sols.*, 41 F. Supp. 3d at 724 (citation omitted). The publisher/speaker's domicile and location of publication is a "critical factor in determining choice of law in a case involving the urged application of an anti-SLAPP statute." *Id.* Here, since the answer to both of those locations is New York, New York defamation law, including its Anti-SLAPP law applies. *Id.* And because New York is most familiar with its Anti-SLAPP law, this factor heavily favors transfer.

---

[10] In a defamation action, "a plaintiff's home state often" (but not always) "has the 'most significant relationship' because that location is where the plaintiff suffers the most reputational harm." *Bd. of Forensic Doc. Exam'rs, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 831 (7th Cir. 2019). However, the only "home state" pled by any plaintiff is Delaware for SA—but SA is never even mentioned in the Article. Because Smietana has not pled a home state and because Skycoin is a Singapore company, the only *state* that could have a significant interest in the outcome of this defamation claim is the state where *The New Yorker* is incorporated and has its principal place of business: New York.

[11] The Illinois Anti-SLAPP law narrowly immunizes from civil liability "[a]cts in furtherance of the constitutional rights to petition, speech, association, and participation in government . . . regardless of intent or purpose, except when not genuinely aimed at procuring favorable government action, result, or outcome." 735 Ill. Comp. Stat. Ann. 110/15 (2019); *see also Glorioso v. Sun-Times Media Holdings, LLC*, 2024 IL 130137, ¶ 78 (Ill. 2024). ("the Act specifically protects government participation and does not encompass all media reports on matters of public concern."). By contrast, New York's Anti-SLAPP Law applies to any claim arising from "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a)(2). Section 76 *mandates* that "public interest" "shall be construed broadly, and shall mean any subject other than a purely private matter." *Id.* § 76-a(1)(d). Here, the Article's reporting on the financial and cryptocurrency industries falls within those parameters. *See Zeitlin v. Cohan*, 197 N.Y.S.3d 211, 212 (2023) (history omitted).

16

**Desirability and Community Relationship to Controversy.** This case has no connection to this District's community – no events are pleaded to have occurred here nor do Plaintiffs allege they suffered any damage here. Illinois, therefore, has effectively *no* interest or relationship to this action. By contrast, New York has a special interest in adjudicating this defamation case against a quintessential New York publisher. "New York, as the national center of the publishing industry, has a significant interest in assuring that the risks and liabilities flowing from publishing . . . will be uniform[ly applied]." *Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1092 (S.D.N.Y. 1984). New York and its community have a stronger connection to the media industry and *The New Yorker* in particular, and the impact that defamation litigation will have on its local media industry, weigh in favor of transfer. *See Am. Booksellers Ass'n v. Houghton Mifflin Co.*, No. CIV.A. 94-3311, 1994 WL 570172, at *2 (E.D. Pa. Oct. 18, 1994) (noting that the relationship between the community and the occurrence was stronger in New York because "New York is the center of the publishing world and the defendants are publishing companies.").

Courts regularly transfer defamation cases where, as here, the convenience of the parties and witnesses and the interests of justice support transfer. *See, e.g.*, *Powell*, 2010 WL 582667, at *3; *Santa's Best Craft*, 2003 WL 21504522, at *3; *Sterling Novelty, Inc. v. Smith*, 700 F. Supp. 408, 410 (N.D. Ill. 1988); *see also Montgomery v. Risen*, No. 15-20782-CIV, 2016 WL 4119865, at *2 (S.D. Fla. Jan. 26, 2016). This case should follow suit.

The interests of justice strongly support transfer and this alone is sufficient to grant transfer to the Southern District of New York

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Advance Magazine Publishers Inc. d/b/a *The New Yorker* respectfully requests that this Court dismiss the Third Amended Complaint with prejudice pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, transfer

this action to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a), and that this Court grant such additional relief as it deems just and proper.

Dated: December 2, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*/s/ Kate Bolger*
Kate Bolger
Nimra H. Azmi (*pro hac vice*)
1251 Avenue of the Americas, Floor 21
New York, NY 10020
Phone: (212) 489-8230
katebolger@dwt.com
nimraazmi@dwt.com

Conor McDonough
300 North LaSalle Street, Suite 2200
Chicago, IL 60654
Phone: (312) 820-5460
conormcdonough@dwt.com

Brian Sher
Steve Trubac
Bryan Cave Leighton Paisner LLP
161 North Clark, Suite 4300
Chicago, Illinois 60601
Phone: (312) 602-5000
brian.sher@bclplaw.com
steve.trubac@bclplaw.com

*Attorneys for Defendant Advance Magazine Publishers Inc. d/b/a The New Yorker*