IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, JOEL WAYNE CUTHRIELL, MORGEN PECK, CATHERINE BYERLY, ADVANCE MAGAZINE PUBLISHERS INC., d/b/a THE NEW YORKER, and UNKNOWN INDIVIDUALS AND COMPANIES,<br><br>Defendants. | Civil Action No. 1:24-cv-08617<br><br>Judge: Hon. John Robert Blakey<br><br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

**PLAINTIFFS' RESPONSE TO DEFENDANT ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE NEW YORKER'S OPPOSED MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) & 28 U.S.C. § 1406(a) OR IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO § 28 U.S.C. 1404(a)**

NOW COME the Plaintiffs, BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation (collectively "Plaintiffs"), by and through their attorneys, Barney & Karamanis, LLP, and for their Response to Defendant, ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE NEW YORKER'S Opposed Motion to Dismiss Third Amended Complaint for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) & 28 U.S.C. § 1406(a) or in the Alternative, to Transfer Pursuant to § 28 U.S.C. 1404(a), state as follows:

1

## INTRODUCTION

Defendant ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE NEW YORKER (hereinafter "Advance") has filed its Motion to Dismiss Third Amended Complaint for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) & 28 U.S.C. § 1406(a) or in the Alternative, to Transfer Pursuant to § 28 U.S.C. 1404(a) (Dkt. No. 37, hereinafter "Motion to Dismiss") alleging that Plaintiffs in their Third Amended Complaint have failed to establish that venue is proper in the Northern District of Illinois. Among its ten (10) causes of action, Plaintiffs' Third Amended Complaint alleges a defamation count against Advance arising from the Defendant's publication of an article titled *Pumpers, Dumpers, and Shills: the Skycoin Saga,* on April 18, 2021 (hereinafter the "New Yorker Article"). *See* Dkt. No. 28 at ¶¶ 17, 164-174, hereinafter referenced as "the Third Amended Complaint" or cited as "Third Am. Cmplt."). Advance's Motion to Dismiss should be denied in its entirety because the Northern District of Illinois is a proper venue for this case and transfer to the Southern District of New York is neither warranted nor necessary.

## STANDARD OF REVIEW

In ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(3), the court takes as true all allegations in the complaint unless contradicted by the defendant's affidavit and may consider facts outside of the complaint. *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.,* 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). The court must resolve all factual conflicts and draw all reasonable inferences in the plaintiff's favor. *Id., see also Promero, Inc. v. Mammen,* 2002 U.S. Dist. LEXIS 21232 at *7 (N.D. Ill. Oct. 30, 2002). Rule 12(b)(3) allows dismissal only when venue is wrong or improper. *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. 49, 50 (2013). Whether venue is wrong or improper depends exclusively on whether the court in which the case was brought satisfies the requirements of federal

venue laws. *Id.* Civil actions may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). If a case falls within one of the districts defined by § 1391(b), venue is proper. *Atlantic Marine Construction Co.,* 571 U.S. 49 at 50.

28 U.S.C. § 1406(a) provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). 28 U.S.C. § 1404(a) allows a "district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district," in the interest of justice and the convenience of the parties and witnesses. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 977 (7th Cir. 2010). While both sections were designed to allow transfer rather than dismissal, § 1406(a) provides for transfer from forums where venue is wrongly or improperly laid, while § 1404(a) applies where, despite the propriety of the plaintiff's venue selection, the chosen forum is an inconvenient one. *Van Dusen v. Barrack,* 376 U.S. 612, 634 (1964).

The transferring district court is granted a "substantial degree of deference" in deciding whether transfer is appropriate. *Id.* at 978, citing *Tice v. American Airlines, Inc.,* 162 F.3d 966, 974 (7th Cir. 1998); *see also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257 (1947) ("Where the court has considered all relevant public and private interest factors, and where its balancing of those factors is reasonable, its decision deserves substantial deference.") § 1404(a) permits the court to utilize a "flexible and individualized analysis" in determining whether transfer is

appropriate that allows courts to look beyond a narrow set of considerations. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).

## ARGUMENT

I. **ADVANCE'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE NORTHERN DISTRICT OF ILLINOIS IS A PROPER VENUE.**

Defendant Advance's Motion to Dismiss should be denied because the Northern District of Illinois is a proper venue pursuant to 28 U.S.C. § 1391(b). The Northern District has held that § 1391(b)(2) can be satisfied by a "communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and cause of action." *Lord v. Smith,* 2022 U.S. Dist. LEXIS 225098 at *23 (N.D. Ill. Dec. 14, 2022) (quoting *Interlease Aviation Investors II (Aloha) L.L.C.,* 262 F. Supp. 2d 898 at 913). Even where such contacts are insufficient to constitute a substantial part of the events giving rise to the cause of action, a plaintiff may find recourse in § 1391(b)(3). *Lord,* 2022 U.S. Dist. LEXIS 225098 at *24 ("[I]f there is no district in which an action may otherwise be brought as provided in this section, [a plaintiff may bring the action in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3)).

Plaintiffs named six (6) party Defendants, Bradford Stephens (hereinafter "Stephens") of Chicago, Illinois, Joel Wayne Cuthriell of Oklahoma, Aaron Kunstman of Wisconsin, Catherine Byerly of Florida (hereinafter "Byerly"), Morgen Peck of New York (hereinafter "Peck"), and Advance of New York. Third Am. Compl. at ¶¶ 7-15. The Third Amended Complaint alleges a nexus of events that take place across the United States and abroad, including Las Vegas, Nevada; Miami, Florida; New York, New York; Chicago, Illinois; and certain cities in China. Advance concedes in its Motion to Dismiss that the New Yorker Article was reported and written in the

4

states of New York and New Jersey and that additional editing took place in the states of California and Alaska. Motion to Dismiss at *3.

Plaintiffs have alleged that Defendant Byerly was employed with 22 Acacia Consulting, a business located in Chicago, Illinois. Third Am. Compl. at ¶ 12. It was through Byerly's employment in Chicago that she was hired by Stephens to engage in the Marketing Program described in Plaintiffs' Third Amended Complaint. *Id.* at ¶ 13. 22 Acacia Consulting was a corporation registered to do business in the state of Illinois and listed Stephens as its registered agent with an address in Chicago, Illinois. Stephens and Byerly submitted numerous invoices to Plaintiffs for work allegedly performed by Byerly as part of the Marketing Program in connection with her Chicago-based employment. *Id.* at ¶¶ 34-36, 72, 73, 75, 77-82, 89-107, 123-127, 129-138, 140-147, and 176-182. Plaintiffs' claims for fraud (Count I), civil conspiracy (Count III), tortious interference (Count IV), unjust enrichment (Count V), and breach of fiduciary duty (Count VIII) against Stephens and Byerly, among others, are based on contacts, communications, and invoices transmitted to or from the Northern District of Illinois. These communications are central to the causes of action alleged in the Third Amended Complaint and are in furtherance of the Defendants' scheme to defraud and damage Plaintiffs and constitute a substantial part of the events or omissions giving rise to Plaintiff's claims. *See Fogelson v. Iatrides,* 2000 U.S. Dist. LEXIS 6574 at *9 (N. D. Ill. May 11, 2000) (Venue in the Northern District of Illinois was proper where the only alleged misrepresentation made by a defendant was her signature on a document sent to Chicago, Illinois).

Should said contacts and communications be insufficient to establish proper venue under § 1391(b)(2), Plaintiffs have alleged proper venue under § 1391(b)(3). Plaintiffs pled that Defendant Stephens is domiciled in Chicago, Illinois. Third Am. Compl. at ¶ 7. In its Motion to

5

Dismiss, Advance correctly notes that Plaintiffs originally pled that Stephens was domiciled in New York, New York. *See* Dkt. No. 37, Motion to Dismiss at 5.[1] Plaintiffs initially believed that Stephens did reside in New York, however, upon further research, Plaintiffs discovered that Stephens is a party to a divorce proceeding pending in the Circuit Court of Cook County, Illinois (Case No. 2022D080646). As part of said divorce proceeding, Stephens filed a financial affidavit verifying that he resides at a residential address in Chicago, Illinois. In response to Advance's Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. No. 15), Plaintiffs amended their Complaint to reflect this newly discovered information. *See generally* Third Am. Compl. Accordingly, Plaintiffs' Third Amended Complaint falls under subsection (3) of § 1391(b) and venue is proper in the Northern District of Illinois as Defendant Stephens is subject to the court's personal jurisdiction with respect to this action as he is a resident of this District. *Atlantic Marine Construction Co.,* 571 U.S. 49 at 50.

Given that the Northern District of Illinois is a proper venue, Advance's Motion to Dismiss pursuant to Rule 12(b)(3) should be denied.

**II.    TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK IS NEITHER WARRANTED NOR NECESSARY.**

In evaluating motions under § 1404(a), courts apply a three-factor analysis under which a case may be transferred if the defendant can demonstrate: (1) venue is proper in both the transferor and the transferee courts; (2) transfer is for the convenience of the parties and the witnesses; and (3) transfer is in the interests of justice. *Fogelson,* 2000 U.S. Dist. LEXIS 6574 at *10; *see also Symons Corp. v. Southern Forming and Supply, Inc.,* 954 F. Supp. 184, 186 (N. D. Ill. 1997). The

---

[1] Plaintiffs' Complaint at Law, Amended Complaint at Law, and Second Amended Complaint at Law were each field in the Circuit Court of Cook County, Illinois (Case No. 2024L003661) before Advance removed this case to the Northern District of Illinois on September 18, 2024 (Dkt. No. 1).

6

weight to be accorded to each factor is in the sound discretion of the district court. *Symons Corp.,* 954 F. Supp. 184 at 186.

    a. **Venue is Proper in the Northern District of Illinois.**

As demonstrated herein, the Northern District of Illinois is a proper venue under § 1391(b) because material events occurred in this district and because Defendant Stephens is domiciled in this district.

    b. **The Southern District of New York is Not More Convenient for All Parties and Witnesses.**

When seeking transfer of venue, the movant has the burden of establishing that the transferee court is clearly more convenient and that the balance of interests weighs strongly in favor of proceeding in the proposed transferee district. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-220 (7th Cir. 1986); *Fogelson,* 2000 U.S. Dist. LEXIS 6574 at *10. In considering the convenience and fairness of transfer under § 1404(a), the court must consider both the private interests of the parties and the public interests of the court. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-509 (1947). Private interests include the plaintiff's choice of forum, the situs of material events, the relative ease of access to resources of proof in each forum, and the convenience of the parties, specifically, the parties' respective residences and abilities to bear the expense of trial in a particular forum. *Van Holdt v. Husky Injection Molding Sys.,* 887 F. Supp. 185, 188 (N. D. Ill. 1995). Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *Id.* Where the balance of convenience is a close call, merely shifting the inconvenience from one party to another is not a sufficient basis for transfer. *Research Automation,* 626 F.3d 973 at 978 (Where no one element clearly indicated that one forum was more convenient than the other, the totality of the factors pointed toward Virginia's stronger nexus to the relevant events).

### i. Plaintiffs' Choice of Forum Should be Given Deference.

Advance's Motion to Dismiss should fail because a plaintiff's choice of forum is afforded deference in considering a motion to transfer venue. *Gulf Oil Corp.,* 330 U.S. 501 at 508 ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). *See also G. H. Miller & Co. v. Hanes,* 566 F. Supp. 305, 307 (N. D. Ill. 1983). A plaintiff's choice of forum should not be disturbed absent a clear showing of inconvenience in favor of the defendant. *Heller Financial, Inc. v. Nutra Food, Inc.* 655 F. Supp. 1432, 1433 (N. D. Ill. 1987) (denying defendant's motion to transfer where defendants merely attempt to shift the burden of inconvenience on to plaintiff). This factor weighs against transfer and in favor of litigating this case in the Northern District of Illinois.

### ii. Material Events Have Occurred in the State of Illinois.

There is more than one situs of material events relative to this action. As described herein, material events based on contacts, communications, and invoices transmitted to or from Chicago have occurred in this district. These communications by Stephens and Byerly are central to the causes of action alleged in the Third Amended Complaint and are in furtherance of the Defendants' scheme to defraud and damage Plaintiffs and constitute a substantial part of the events or omissions giving rise to Plaintiffs' claims. The facts underpinning five of Plaintiffs' ten counts, including the counts for fraud, civil conspiracy, tortious interference, unjust enrichment, and breach of fiduciary duty, have all occurred at least in part in the state of Illinois.

### iii. Litigating in New York is Not More Convenient for All Witnesses and Parties.

Advance has not established that the Southern District of New York is a more convenient venue for the witnesses. Despite alleging that their three (3) anticipated witnesses are located in New York, Advance has not identified any other their relevant witnesses or provided a general

8

statement of testimony. *See Symons Corp.,* 954 F. Supp. 184 at 187 (Because there was no forum that was convenient for all witnesses and defendant had failed to meet their burden of showing that another district was more convenient, transfer would merely transform inconvenience for defendant's witnesses onto inconvenience for plaintiff's witnesses). In *Symons Corp.,* as is the case here, there is no one forum convenient for all witnesses in this case. The Defendants are domiciled in four (4) different states and the events that are the subject of this action occurred across seven (7) different states and in China. The Southern District of New York does not provide any more of a convenient forum than does the Northern District of Illinois, and the shifting of inconvenience from one party to another does not warrant transfer. *Research Automation,* 626 F.3d at 978.

Advance is the owner of multiple national news and media publications, including Condé Nast Publications (Vogue, Vanity Fair, and The New Yorker) and dozens of newspapers across the United States. The New Yorker alone produced approximately $279 million in revenue in 2024. Advance is far better equipped to bear the costs of transporting their three (3) witnesses to Illinois than Plaintiffs or any other party to this action. Advance is likewise well-equipped to undertake the cost of transporting its documents and records to the state of Illinois. *See Van Holdt,* 887 F. Supp. at 185 at 188; *see also Tsaparikos v. Ford Motor Co.,* 2002 U.S. Dist. LEXIS 24329, at *6-7 (N.D. Ill. December 17, 2002) (Where the defendant was a large national corporation that was not inconvenienced or financially burdened by litigating in Illinois, defendant's motion to transfer venue was denied).

Furthermore, modern technological advances have substantially reduced the burden of having to litigate in distant forums. *Van Holdt,* 887 F. Supp. 185 at 190; *see, e.g., Basile v. Prometheus Global Media, LLC,* 2016 U.S. Dist. LEXIS 68123 at *6 (N. D. Ill. May 24, 2016)

9

("[I]n this age of electronic document transmission, the parties and the Court can easily access any necessary documents in Chicago just as well as in the [proposed alternative venue]."). While Advance may enjoy proceeding in the Southern District of New York, Advance has not sufficiently alleged or established that it would be unduly inconvenienced by litigating in Illinois. *See Heller Financial,* 655 F. Supp. 1432 at 1433.

Moreover, Defendant Stephens is anticipated to be a critical witness in this case given that he is named in nine (9) of the ten (10) counts of Plaintiffs' Third Amended Complaint and that he was a primary source of information for the New Yorker Article that gives rise to Plaintiffs' claims against Advance. Stephens is located in the Northern District of Illinois and it is anticipated that most communications or other documents pertaining to Plaintiffs' allegations against Stephens are located in Illinois. Plaintiffs will seek the production of documents and invoices from Byerly and 22 Acacia Consulting located in Chicago, Illinois. Defendants Cuthriell and Kunstman are located in Oklahoma and Wisconsin, respectively, and can travel to Illinois with greater ease than they can travel to New York given the closer proximity.

    c. **The Interests of Justice Can Be Served by Litigating This Case in the Northern District of Illinois.**

This Court should deny Advance's Motion to Dismiss because the interests of justice can effectively be served by litigating this case in the Northern District of Illinois. In determining whether the interests of justice can best be served by transfer, courts may look to factors such as docket congestion, likely speed to trial in the transferor and transferee forums, each court's familiarity with the relevant law, the desirability of resolving controversies in each locale, and the relationship between each community and the controversy. *Research Automation,* 626 F.3d 973 at 978 (citing *Chicago, Rock Island & Pacific Railroad Co. v. Igoe,* 220 F.2d 299, 303 (7th Cir. 1955); *Van Dusen v. Barrack,* 376 U.S. 612, 645 (1964); *Allied Van Lines, Inc. v. Aaron Transfer &*

*Storage, Inc.,* 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002); and *Hanley v. Omarc, Inc.* 6 F. Supp. 2d 770, 777 (N.D. Ill. 1998)).

### i. Illinois is More Familiar with Applicable Law.

In a diversity action, such is the instant case, it is advantageous to try cases before federal judges who are familiar with the applicable state law. *Coffey,* 796 F.2d 217 at 221; *see, e.g., Van Dusen,* 376 U.S. 612 at 645. Plaintiffs' Third Amended Complaint alleges violations of Illinois state law against Defendants Stephens and Kunstman. Third Am. Compl. at ¶¶ 192-198. The Northern District of Illinois is clearly a better forum in which to try an action based on an Illinois state statute and this factor weighs against transfer.

### ii. This Case Will Proceed to Trial in New York No Faster Than in Illinois.

Advance references certain statistics indicating that the Northern District of Illinois has a more congested docket and a slower average time to trial than the Southern District of New York. Motion to Dismiss at *15. Advance, however, neglects the implications of transfer in this particular case. Transfer to the Southern District of New York will likely delay proceedings and Plaintiffs' efforts to serve the remaining defendants. *See Tsaparikos* 2002 U.S. Dist. LEXIS 24329, at *9 (Denying the defendant's motion to transfer venue where transfer would delay scheduled proceedings). Given the delays that a transfer of venue would cause, this case would proceed to trial no faster in the Southern District of New York than it would in the Northern District of Illinois.

### iii. Illinois Shares an Interest in Adjudicating the Defamation Claim Against the New Yorker.

Advance argues that the state of New York has a special interest in adjudicating a defamation case against a New York-based publisher. Motion to Dismiss at *17. While it may be true that Advance publishes its media in the state of New York, The New Yorker is distributed and sold throughout the United States. Given that The New Yorker is a national product widely

11

available to Illinois residents, Illinois shares an interest in adjudicating the defamation alleged by Plaintiffs. *Tsaparikos,* 2002 U.S. Dist. LEXIS 24329, at *10 (Where both jurisdictions shared an interest in protecting their citizens from a product sold nationwide, this factor was neutral and did not weigh strongly in favor of or against transfer).

Transfer of this case to the Southern District of New York would not offer any more convenience to the parties and witnesses or serve the interest of justice any better than the Northern District of Illinois. Accordingly, Advance's request for transfer to the Southern District of New York should be denied.

## CONCLUSION

Plaintiffs have sufficiently established that venue is proper in the Northern District of Illinois. For this reason and for the arguments stated above, Plaintiffs respectfully request that this Court deny Advance's Motion to Dismiss and award such other and further relief in favor of Plaintiffs as the Court deems just and proper. In the event that this Court agrees with Advance's position that Plaintiffs have not established that venue is proper in this District, Plaintiffs respectfully request that this Court grant them leave to file a Fourth Amended Complaint to address the alleged defects argued by Advance.

Respectfully submitted,

BARNEY & KARAMANIS, LLP

/s/James A. Karamanis
James A. Karamanis
BARNEY & KARAMANIS, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Chicago, IL 60601
Tel.: (312) 553-5300
james@bkchicagolaw.com
*Attorney for Plaintiffs*