**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, JOEL WAYNE CUTHRIELL, MORGEN PECK, CATHERINE BYERLY, ADVANCE MAGAZINE PUBLISHERS INC. d/b/a THE NEW YORKER, and UNKNOWN INDIVIDUALS and COMPANIES,<br><br>    Defendants. | Civil Action No. 24-cv-08617<br><br>Judge: Honorable Hon. John Robert Blakey<br><br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

**DEFENDANT ADVANCE MAGAZINE PUBLISHERS INC. D/B/A THE NEW YORKER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) & 28 U.S.C. § 1406(a)
OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

## I.     PRELIMINARY STATEMENT[1]

Defendant *The New Yorker*'s Motion to Dismiss (the "Motion" or "Mot.") demonstrated that the Third Amended Complaint of Plaintiffs Brandon Smietana, Skycoin Global Limited, and Symbolic Analytics Inc. failed to establish that venue is proper in this District. Plaintiffs' half-hearted Opposition does not carry their burden of proving otherwise. In particular, Plaintiffs have not shown that a substantial part of the events or omissions giving rise to their claim against *The New Yorker* (one of only two defendants served in this action)—or any other Defendant—occurred in this District. Even if they had, the balance of equities and the interests of justice strongly favor

---

[1] This brief incorporates the abbreviations set forth in The New Yorker's moving papers.

transferring the case to the Southern District of New York. The Court should dismiss this action with prejudice for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), or, in the alternative, if it deems venue proper in this District, transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a).

## II. ARGUMENT

### A. VENUE IS IMPROPER IN THIS COURT AND THIS ACTION SHOULD BE DISMISSED

In its Motion, *The New Yorker* established that this action should be dismissed because Plaintiffs have not specifically pled facts demonstrating that *any* part of the events or omissions giving rise to this action (let alone a *substantial* part) occurred in this District, and there *is* another District where this action may be properly brought–the Southern District of New York. Because *The New Yorker* challenged venue, Plaintiffs bore "burden of establishing that [they] filed [their] case in the proper [D]istrict." *Kulla v. Mayorkas*, No. 24-cv-03847, 2024 WL 4188017, at *2 (N.D. Ill. Sept. 13, 2024). They have not carried that burden.[2]

***First***, Plaintiffs cite *Lord v. Smith*, No. 22 C 2689, 2022 WL 17668707, at *8 (N.D. Ill. Dec. 14, 2022) for the proposition that publishing communications into this District establishes proper venue pursuant to 28 USC § 1391(b). Opp. at 4. Far from helping prove that Plaintiffs have shown venue, *Lord*, highlights why venue is *not* appropriate here. In *Lord*, the plaintiff, who allegedly received the communications at issue, was an Illinois resident, as was his girlfriend, who also received relevant communications. *Lord*, 2022 WL 17668707, at *5-6. But here, Plaintiffs have not pled that they are Illinois residents who received communications while in Illinois nor

---

[2] In seeming concession to The New Yorker's motion to dismiss, the Opposition abandons the TAC's only articulated basis for venue 28 U.S.C. § 1391(b)(1), which was predicated exclusively on Defendant Stephens' alleged residence in this District. TAC ¶ 21. As the Motion pointed out, a defendant's residence in a district can *only* render venue proper "if *all* defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1) (emphasis added). That is not the case here.

2

have they pled that any Defendants sent them communications while physically in Illinois. *Lord* does not help Plaintiffs demonstrate venue here.

*Second*, Plaintiffs incorrectly argue that venue is proper here under 28 U.S.C. § 1391(b)(2), because of alleged actions of Defendants Catherine Byerley ("Byerly") and Bradford Stephens ("Stephens"). Although they pled that Byerly is a Florida resident, TAC ¶ 11, and concededly has *nothing* to do with Plaintiffs' claims against *The New Yorker*, Plaintiffs now claim that venue is proper in this District because Byerly purportedly works for a Chicago- based company, maybe had some conversations with Stephens, or that some purported communications by them to Plaintiffs had some unpled nexus with Illinois. But these arguments are specious at best. Notably, the allegations regarding Byerly and Stephens' contacts with each other or Plaintiffs that Plaintiffs assert in their Opposition are not pled in the Complaint. At most, the TAC pleads that Byerly worked remotely from Florida for an Illinois corporation and that Stephens is domiciled in this District. *See generally* TAC; *see also* Opp. at 5. And while the TAC describes certain invoices, it never pleads that these invoices—or any other communication—were sent from or received in this District. And indeed, certain of these invoices appear to deal with matters outside of this District, including, *inter alia*, an alleged "Las Vegas prostitute orgy." TAC ¶ 75. Any contention that Plaintiffs received communications transmitted to or from Illinois are manufactured solely for the Opposition. The Seventh Circuit is clear that amendment to a complaint in an opposition brief is not permitted. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Plaintiffs' argument about Byerly and Stephens as a nexus to Illinois therefore, must be rejected, particularly in light of the fact that Plaintiffs have already amended their complaint once in response to a venue motion. *Id.* (affirming dismissal with prejudice after plaintiffs already had opportunity to amend).

In addition, even if this Court were to consider these claims, they are insufficient to establish that venue is proper here. Initially, neither Byerly nor Stephens have been served in this action to date and none of the arguments about their conduct in the Opposition relate to *The New Yorker*'s publication or the Article. *The New Yorker* removed this action on September 18, 2024, and Plaintiffs have exceeded the 90-day period allowed by Rule 4(m) to serve Byerly and Stephens. Dkt. No. 1; Fed. R. Civ. P. 4(m). It would be inequitable to allow Plaintiffs to proceed against *The New Yorker* in this District based on the unrelated conduct of other unserved Defendants. In addition, the conduct Byerly is alleged to have engaged in—*i.e.* communicating with Stephens or Plaintiffs from her home in Florida about matters wholly unrelated to the claims against *The New Yorker* while she drew a paycheck from a Chicago company—can hardly constitute a substantial part of the events giving rise to the claim under § 1391(b)(2). Plaintiffs are not only grasping at straws with this arguments—they are grasping at straws that they have not pled. Venue is not proper in this Court under 28 U.S.C. § 1391(b)(2).[3]

***Third***, Plaintiffs wrongly claim that the catch-all provision of 28 U.S.C. § 1391(b)(3) renders venue proper in this District based on this Court's ability to exercise personal jurisdiction over Defendant Stephans due to his alleged domicile in Chicago. Opp. at 5. Plaintiffs are incorrect. Section 1391(b)(3) does not, as Plaintiffs suggest, provide for automatic venue based on one defendant's residence. Rather, under § 1391(b)(3), a court's power to assert personal jurisdiction

---

[3] The allegations Plaintiffs have identified as proving a connection between this action and this District never indicate where these alleged communications (notably, not with The New Yorker) were made or where they were directed. *See* Opp. at 5 (citing TAC ¶¶ 34-36, 72, 73, 75, 77-82, 89-107, 123-127, 129-138, 140-147, and 176-182). Nor is it apparent from the TAC's face that any of these alleged communications which form the entire basis for Plaintiffs' claim to venue *must* have originated in or been directed to Illinois. Indeed, the TAC and incorporated materials suggest that the various parties allegedly sending or receiving these communications could have also been in Florida or New York or Wisconsin or Delaware or Oklahoma or Singapore or China or Nevada. *See* TAC ¶¶ 1, 4, 8, 9, 11, 14, 15, 43, 74, 75; *see also* Ex. A (describing Smietana in New York during the events of the case).

over a defendant can **only** provide for venue "*[i]f there is no district in which an action may otherwise be brought as provided in this section.*" *Id* (emphasis added). But as the Motion and the supporting declarations explain—and Plaintiffs do not dispute—that is not the case here, since this action could have been brought in the Southern District of New York, where *The New Yorker* is domiciled and where the reporting, writing, researching, editing, and publication of the Article generally occurred. *See* Mot. at 6-7; Eames-Scott Decl. ¶¶ 6-9; *see also Gencor Pac., Inc. v. Nature's Thyme, LLC*, No. 07 C 167, 2007 WL 1225362, at *6 (N.D. Ill. Apr. 24, 2007) (§ 1391(b)(3) inapplicable because venue was proper where defendant resided); *Clark v. McDonald's Corp.*, No. 3:22-CV-00628-NJR, 2023 WL 2648467, at *6 (S.D. Ill. Mar. 27, 2023) (§ 1391(b)(3) inapplicable because it is a "fallback option only available when venue is proper in no other district," and venue was proper elsewhere, such as district where all defendant resided and where substantial events and omissions giving rise to claims took place). 28 U.S.C. § 1391(b)(3) does not grant Plaintiffs' venue here.

The TAC and *The New Yorker*'s declarations supporting its Motion affirm that while substantial events occurred in New York and may have also occurred in China and Las Vegas, *no facts* in the record connect a substantial part of Plaintiffs' claims to this District. Venue is not proper here and the TAC must be dismissed with prejudice.

      **B.**    **IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER THIS CASE TO THE SOUTHERN DISTRICT OF NEW YORK**

Next, *The New Yorker'*s Motion established that, even if venue were proper in this District, transfer to the Southern District of New York is warranted. *See* Mot. at 9-17; *see also Qualtex Corp. v. ATM Grp. Corp.*, No. 13 C 08914, 2014 WL 3495602, at *2 (N.D. Ill. July 14, 2014) (reciting standard for 28 U.S.C. § 1404(a) transfer). Plaintiffs' counterarguments do not upset that

5

conclusion. Not only do they concede most of *The New Yorker*'s points, but they fail to set forth any legitimate basis for denying transfer.

        **1.     Plaintiffs Have Not Refuted That the Southern District of New York Is More Convenient for the Parties and Witnesses.**

**Plaintiffs' Choice of Forum Is Not Entitled to Deference.** Plaintiffs do not disagree that the Southern District of New York is an appropriate forum for this action. Rather, Plaintiffs claim they are owed blind deference in their selection of this District as the forum for their litigation. *See* Opp. at 8. Plaintiffs are wrong. The law is clear that in these circumstances, Plaintiffs' choice of forum is entitled to only *minimal* deference because Illinois is not Plaintiffs' home forum. *See Shepherd v. Am. Numismatic Ass'n*, No. 13 C 8, 2013 WL 5798963, at *3 (N.D. Ill. Oct. 28, 2013). In fact, in both *G.H. Miller & Co. v. Hanes,* 566 F. Supp. 305, 307 (N. D. Ill. 1983) and *Heller Fin., Inc. v. Nutra Food, Inc.*, 655 F. Supp. 1432, 1435 (N.D. Ill. 1987), cited by Plaintiffs, the court found that both plaintiffs were *Illinois* companies and *therefore* their choice of forum in Illinois was entitled to deference. But no such deference is required here, where Plaintiff SA is alleged to be a Delaware corporation, Plaintiff Skycoin is alleged a Singapore company, and Plaintiff Smietana is broadly pled to be an American citizen. *See* TAC ¶¶ 1, 4-6.[4] This factor strongly favors transfer.

**The TAC Does Not Plead Any Material Events Occurring in This District.** In their Opposition, Plaintiffs do not dispute that the material events relating to their defamation claim against *The New Yorker*, including researching, drafting, editing, fact-checking, and publishing the Article, occurred predominantly in New York. *See* Mot. at 11-12; *see also* Bertoni Decl. ¶ 4;

---

[4] Moreover, Plaintiffs' choice is not entitled to deference since the TAC "does not set forth facts that show its causes of action conclusively arose in [this District]" and indeed, Plaintiffs and *The New Yorker* "agree that significant events recited in the complaint occurred outside of Chicago and beyond the borders of the United States." *Elbit Sytems Ltd. v. Credit Suisse Grp.*, No. 09 C 3176, 2009 WL 5065684, at *2 (N.D. Ill. Dec. 15, 2009).

6

Eames-Scott Decl. ¶¶ 5-9.[5] Instead, Plaintiffs contend that they have pled material events occurring in this District, including "contacts, communications, and invoices transmitted to or from Chicago" by Defendants Stephens and Byerly. Opp. at 8. In making this argument, however, they, once again, improperly rely on unpled factual allegations about unserved defendants. *See supra* at 3-4; *see also J & L Mgmt. Corp. of Ohio v. Arcelormittal Wierton, Inc.*, No. 08 C 4749, 2008 WL 5082980, at *3 (N.D. Ill. Nov. 25, 2008) (granting transfer to West Virginia because "the only actual location specifically identified in the amended complaint is West Virginia," and "there are no material events…located in Illinois"). As the facts actually alleged in the TAC and *The New Yorker*'s supporting declarations show, not a single material event involving *The New Yorker* or otherwise occurred in this District. Instead, the situs of material events as to the claim against *The New Yorker* is New York. This factor heavily supports transfer.

**Availability of Proof**. Next, as *The New Yorker* argued in its Motion, evidence relevant to the defamation action against *The New Yorker*—which is one of the two served Defendants[6]—in this case is more easily accessible in New York than this District because that is where the publication is based and its materials stored. *See* Bertoni Decl. ¶ 5; *see also* Mot. at 13. In response, Plaintiffs argue that Defendant Stephens' residence in Illinois would facilitate his document production. Opp. at 10. This argument has little merit as Plaintiffs have already exceeded the time limit to serve him. And in any event, as Plaintiffs themselves note, "modern technological advances have substantially reduced the burden of having to litigate in distant forums." Opp. at 9 (citing *Van Holdt v. Husky Injection Molding Sys.*, 887 F. Supp. 185, 190 (N. D. Ill. 1995); *see*

---

[5] Where a defendant submits declarations or other evidence on a motion to transfer contravening plaintiff's complaint, defendant's evidence—not plaintiff's allegations—control. *See Dewsbury v. Bimeda Inc.*, No. 23 C 5273, 2024 WL 1254222, at *2 (N.D. Ill. Mar. 25, 2024).

[6] The only other served defendant is Joel Cuthriell, a resident of Oklahoma, TAC ¶ 8, who has not yet materially participated in this action.

*also Aliano v. Quaker Oats Co.*, No. 16 C 3087, 2017 WL 56638, at *2 (N.D. Ill. Jan. 4, 2017). But since *The New Yorker* is the only served party on the defamation claim, only one of two Defendants served at all, *and its files are in New York*, *see* Bertoni Decl. ¶ 5, this factor tips in favor of transfer.

**Convenience of the Parties and Witnesses.** *The New Yorker*'s Motion established that the Southern District of New York would be a more convenient for the parties and witnesses because all of the witnesses relevant to Plaintiffs' libel claim against *The New Yorker* are located in New York.[7] *See* Mot. at 13-14. In response, Plaintiffs fail to identify a single relevant witness located in this District. *See Jasper v. Danone N. Am. Pub. Benefit Corp.*, No. 22 C 7122, 2023 WL 4492354, at *4 (N.D. Ill. July 12, 2023) (convenience of witnesses factor did not weigh for Illinois where neither party identified any non-party witness in the state). Instead, they rely solely on their new allegation that Defendant Stephens, who was previously alleged to be a New York resident, lives in Illinois. But the fortuitous alleged presence of one (unserved) party in this District does not outweigh *The New Yorker*'s uncontroverted evidence that the witnesses who would be of "primary importance," to the claims against it are all located in New York. *See* Bertoni Decl. ¶ 5; *Faxel v. Wilderness Hotel & Resort, Inc.*, No. 19 C 4649, 2019 WL 6467317, at *6 (N.D. Ill. Dec. 2, 2019). Plaintiffs' only other argument is to counter that *The New Yorker* is a corporation and therefore should be made to bear the cost of litigating in this District.[8] But there is no bright-line

---

[7] Plaintiffs complain that *The New Yorker* does not summarize the projected contents of each witness's testimony is incorrect. The Bertoni Declaration explains that Mr. Eames-Scott (who also submitted a supporting declaration, setting forth potential topics of his testimony) was the editor of the Article; ergo, he would testify to the editing process. Bertoni Decl. ¶ 5. The Bertoni Declaration identifies Anna Boots as the Article's fact-checker; ergo she would testify to fact-checking. *Id.* Peck was the writer of the Article; ergo she would testify to Article's writing, including researching, interviewing, and drafting the Article. *Id.*

[8] Plaintiffs point to *Tsaparikos v. Ford Motor Co.*, No. 02 C 6899, 2002 WL 31844949, at *2 (N.D. Ill. Dec. 18, 2002) to contend that a national corporation can be made to bear the costs of litigating anywhere. But *Tsaparikos* established no such bright line rule. It simply weighed Defendant Ford's admission that it could bear the expense of defending the action in Illinois (and *The New Yorker* has made no such admission

8

rule that because a defendant is a for-profit corporation it can be forced to litigate in jurisdictions that bear no relation to its conduct. *See, e.g., Riseandshine Corp. v. PepsiCo, Inc.*, No. 21 C 3198, 2021 WL 7708964, at *1–2 (N.D. Ill. July 22, 2021) (granting Pepsi Co.'s motion to transfer to the Southern District of New York where its principal place of business was there as were, *inter alia*, many of its relevant employees, where the products at issue were researched and developed, and where its witnesses and proof were located). The convenience of the parties and witnesses factors favor transfer.

### 2. Plaintiffs Fail to Rebut that The Interests of Justice Favor New York[9]

Finally, the interests of justice favor transfer.

**Docket Congestion & Trial Speed.** Plaintiffs downplay but do not disagree that the official docket congestion and time to trial statistics included in *The New Yorker*'s Motion demonstrate that this case would proceed more quickly to trial in New York. Opp. at 11. Indeed, a recent case in this District concluded that this fact favored the transfer from this District to the Southern District of New York. *See Beattie v. Emerald Expositions*, No. 22-CV-05202, 2024 WL 4346634, at *10 (N.D. Ill. Sept. 30, 2024)). And, unlike in, *Tsaparikos*, 2002 WL 31844949, at *3, the sole case Plaintiffs cite, there is no currently scheduled deadline that would be delayed by transfer to the Southern District of New York. In fact, as noted above, Plaintiffs have failed to serve all but two of the Defendants in this action and are well outside the 90 days permitted to do so. Transfer would not delay this matter.

---

here) along with plaintiff's financial affidavits demonstrating hardship in litigating out-of-state (and Plaintiffs have offered no such statement of financial hardship here) in its analysis.

[9] As explained in the Motion to Dismiss, "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Shepherd*, 2013 WL 5798963, at *4. Here, the interest of justice weighs heavily in favor of the Southern District of New York, recommending transfer.

**New York's Familiarity with the Law.** Next, while Plaintiffs do not dispute that under Illinois' choice-of-law rules, New York's Anti-SLAPP Law would apply to their libel claims against *The New Yorker*, they argue that this Court still has more familiarity with the relevant law because they brought one claim under an Illinois anti-discrimination law against Defendants Stephens and Kunstman. This argument is incorrect. Neither Stephens nor Kunstman have been served and, in any event, the existence of a single Illinois state law claim brought by non-Illinois Plaintiffs against as yet unserved Defendants allegedly from Illinois and Wisconsin, does not overcome New York's familiarity with its Anti-SLAPP Law as applicable to the served defendant, *The New Yorker*. This factor strongly favors transfer.

**Illinois Has No Interest in Adjudicating This Defamation Claim.** Finally, in the Opening, *The New Yorker* established that New York has the stronger interest in adjudicating the defamation claim against *The New Yorker*, an eponymously titled publication. *See Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1092 (S.D.N.Y. 1984) ("New York, as the national center of the publishing industry, has a significant interest in assuring that the risks and liabilities flowing from publishing . . . will be uniform[ly applied]."); *see also Brimelow v. New York Times Co.*, No. 20 CIV. 222 (KPF), 2020 WL 7405261, at *4 (S.D.N.Y. Dec. 16, 2020), *aff'd,* No. 21-66-CV, 2021 WL 4901969 (2d Cir. Oct. 21, 2021); Mot. at 17.

In their Opposition, Plaintiffs argue only that Illinois has an interest in adjudicating the defamation claim against *The New Yorker* because it is a publication distributed nationwide. *See* Opp. at 11-12. But that argument is near frivolous here. Plaintiffs are not residents of Illinois, Plaintiffs have not alleged they suffered damage in this District, and Plaintiffs even concede, as they must, that the researching, writing, editing, fact-checking, or publication of the Article was done centered predominantly in New York. Illinois has no interest in this litigation.

10

For these reasons, if this Court does not dismiss this action for improper venue, this action should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## III. CONCLUSION

Plaintiffs have still not solved the central puzzle of their Complaint—why they bought this action in this Court.

WHEREFORE, for the foregoing reasons, Defendant Advance Magazine Publishers Inc. d/b/a *The New Yorker* respectfully requests that this Court dismiss the Third Amended Complaint with prejudice pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, transfer this action to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a), and that this Court grant such additional relief as it deems just and proper.

Dated: January 13, 2024

        Respectfully submitted,

        DAVIS WRIGHT TREMAINE LLP

        */s/ Katherine Bolger*
        Katherine M. Bolger
        Nimra H. Azmi (*pro hac vice*)
        1251 Avenue of the Americas, Floor 21
        New York, NY 10020
        Phone: (212) 489-8230
        katebolger@dwt.com
        nimraazmi@dwt.com

        Brian Sher
        Steve Trubac
        Bryan Cave Leighton Paisner LLP
        161 North Clark, Suite 4300
        Chicago, Illinois 60601
        Phone: (312) 602-5000
        brian.sher@bclplaw.com
        steve.trubac@bclplaw.com

        *Attorneys for Defendant Advance Magazine Publishers Inc. d/b/a The New Yorker*