**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS INC., a Delaware Corporation, | ) ) ) ) | |
| | ) | Case No. 24-cv-08617 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Honorable John Robert Blakey |
| BRADFORD STEPHENS, AARON KUNSTMAN, JOEL WAYNE CUTHRIELL, MORGEN PECK, CATHERINE BYERLY, ADVANCE MAGAZINE PUBLISHERS, INC., d/b/a THE NEW YORKER, and UNKNOWN INDIVIDUALS AND COMPANIES, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT CATHERINE BYERLY'S MOTION TO DISMISS**
**THIRD AMENDED COMPLAINT PURSUANT TO RULES 12(b)(6)**

Defendant Catherine Byerly ("Byerly"), by and through her undersigned counsel, Cole Sadkin, LLC, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), moves to dismiss Plaintiffs' Third Amended Complaint, and in support hereof, states as follows:

**INTRODUCTION**

Plaintiffs' Third Amended Complaint [Dkt. 28] consists of five counts against Byerly: Count I (Fraud), Count III (Civil Conspiracy), Count IV (Tortious Interference), Count V (Unjust Enrichment, and Count VIII (Breach of Fiduciary Duty). None of these counts state a claim upon which relief can be granted; accordingly, the Third Amended Complaint must be dismissed with prejudice as it relates to Byerly.

## PROCEDURAL HISTORY

The instant action is not Plaintiffs' first attempt at filing suit against Byerly. On February 8, 2022, Plaintiffs filed a similar lawsuit arising from the same or similar events alleged in the Third Amended Complaint. *See Smiertana v. Stephens*, No. 22 cv 00708 (N.D. Ill.), Dkt. 1 (the "2022 Action"). Plaintiffs amended their complaint in the 2022 Action no fewer than three times. *See id.*, Dkts. 44, 49, 59, and 100. The court in the 2022 Action granted no fewer than two motions to dismiss pursuant to Rule 12(b)(6) including dismissing the federal claims with prejudice. *See id.*, Dkts. 95, 117. Following the dismissal of the federal claims contained within the 2022 Action, Plaintiffs filed their state court claims in the Circuit Court of Cook County, Illinois on April 4, 2024. *See* Dkts. 1-3. The state court complaint was amended twice before being removed to federal court on September 18, 2024. Dkt. 1. Including the 2022 Action, Plaintiffs have filed a total of eight iterations of their complaint, most recently, the subject Third Amended Complaint. Dkt. 28.

## ARGUMENT

I.     Standard of Rule 12(b)(6) Motion.

To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

II.     Plaintiffs' claim for fraud fails to meet the heightened pleading standard of Rule 9(b).

Allegations of fraud are subject to the heightened pleading standard of Fed.R.Civ.P. 9(b) which requires one to plead fraud with particularity. *Slaney v. The Intl. Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001). The pleadings must have specificity, certainty, and particularity including what misrepresentations were made, by whom, when they were made, and to whom. *Board of Education v. A, C & S, Inc*., 131 Ill.2d 428, 457 (1989). Successfully stating a claim for fraud requires a false statement of material fact, knowledge that the statement was false by the party making it, intention to induce the other party to act, action by the other party in reliance on the statements and damages. *See id.* at 452.

Plaintiffs' Count I (fraud) is wholly deficient. Plaintiffs' allegations of fraud are based upon alleged representations by Byerly and others who were to perform marketing and web design services for Plaintiffs. Plaintiffs allege that Byerly agreed to provide advertising and marketing services but did not provide said services. Dkt. 28, ¶¶ 92, 95. This is not fraud but rather a breach of contract claim.

Plaintiffs do not plead with any particularity or specificity any misrepresentation of material facts. Plaintiffs do not make any allegations as to when the misrepresentations were made, where the misrepresentations were made, or even who made the alleged misrepresentation. Throughout the entirety of Count I, Byerly is never mentioned without an "and" and another name immediately preceding or following her name. There is not a single allegation referring to her alone or referencing a misrepresentation made by her. Plaintiffs' fraud claim is vague and contains generalities and facts that are not material to the provision of advertising or marketing service. Accordingly, Count I fails to meet the heightened pleading standard of Rule 9(b) and fails to state a claim upon which relief can be granted; therefore, Count I must be dismissed with prejudice.

III.    Plaintiffs fail to state a claim for Civil Conspiracy.

To state a claim for civil conspiracy, a plaintiff must allege (1) an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means, (2) a tortious act committed in furtherance of that agreement, and (3) an injury caused by defendant. *Merrilees v. Merrilees,* 2013 IL App (1st) 121897, at ¶ 49. An agreement is an essential element. *Id.* at ¶ 50. The complaint must do more than merely characterize a combination of acts as a conspiracy to survive a motion to dismiss. *Id.*

Plaintiffs do not assert any allegations as to any agreement between Byerly and her alleged co-conspirators or co-defendants. Plaintiffs allege that Byerly and co-defendants "worked in concert with one another" (Dkt. 28, ¶ 125), but this is nothing more than characterizing independent acts as a conspiracy. Because Plaintiffs have failed to allege an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means, Count III fails to state a claim for civil conspiracy.

Moreover, civil conspiracy is not an independent tort; a plaintiff must state an independent cause of action underlying the conspiracy. *Id.* at 49. Because a civil conspiracy claim is founded on a separate claim of wrongdoing, "if that separate claim fails then the conspiracy claim fails." *Id.* at ¶ 52. In this case, the alleged independent cause of action is Count I, fraud. Dkt. 28, ¶ 125 ("[Defendants] works in concert with one another to accomplish this fraud as evidenced by their various communications and concerted acts against Plaintiffs."). As discussed above in section II of the Argument, allegations of fraud are subject to the heightened pleading standard of Fed.R.Civ.P. 9(b) which requires plaintiff to plead fraud with particularity. *Slaney v. The Intl. Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). Plaintiffs' allegations of fraud

fail to meet this heightened pleading standard; therefore, Plaintiffs' claim for civil conspiracy also fails.

Furthermore, throughout the entirety of Count III, Byerly is never mentioned without an "and" and another name immediately preceding or following her name. There is not a single allegation referring to her alone or referencing any action taken by her in furtherance of any alleged agreement or conspiracy. Plaintiffs fail to set forth facts to state a claim for civil conspiracy; specifically, Plaintiff failed to allege facts which support an agreement between co-conspirators or any facts which meet the heightened standard for pleading fraud. Accordingly, Plaintiffs' Count III must be dismissed with prejudice.

IV.     Plaintiffs fail to state a cause of action for tortious interference.

Under Illinois law, to state a claim for tortious interference a plaintiff must plead facts to plausibly set forth (1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference. *TCC Historic Tax Credit Fund VII, L.P. v. Levenfeld Pearlstein, LLC*, No. 11 C 8556, 2012 U.S. Dist. LEXIS 167791, at *16-17 (N.D. Ill. Nov. 27, 2012)

The allegations in Count IV for tortious interference against defendants collectively are that the defendants "orchestrated various schemes to undermine the reputation of Plaintiffs and cause these internet exchange markets . . . to remove Plaintiffs' products from their exchanges" and that the defendants "acted in concert to cause these internet exchange markets to remove Plaintiffs' Skycoin products from those markets." Dkt. 28, ¶¶ 132, 136. Put simply, Plaintiffs allege that they do business with various exchanges and that the defendants interfered with their

ability to conduct business on those exchanges. Yet again, these allegations do not rise to the level of stating a claim. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs have failed to factually plead any allegations related to Byerly's knowledge of Plaintiffs' alleged agreements or expected agreements with internet exchange markets. Plaintiffs have failed to factually plead any allegations demonstrating any intentional or unjustified interference by Byerly which induced or caused a termination of Plaintiffs' alleged expectancy. In fact, throughout the entirety of Count IV, Byerly is never mentioned without an "and" and another name immediately preceding or following her name. There is not a single allegation referring to her alone or referencing any action taken by her. Accordingly, Plaintiffs have failed to state a cause of action for tortious interference; therefore, Count IV must be dismissed with prejudice.

V.      Plaintiffs failed to state a claim for unjust enrichment

To state a claim for unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160 (1989). Unjust enrichment is not an independent cause of action. *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 25. "Rather, it is condition that [may be] brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, or, alternatively, it may be based on contracts which are implied

in law." *Id.* (internal citations and quotations omitted). The theory of unjust enrichment is inapplicable where an express contract, oral or written, governs the parties' relationship. *Id.*

In the present case, Plaintiffs alleged an agreement with Defendant Stephens, Defendant Kunstman, and Defendant Cuthriell as well as pleading a breach of contract claim (Count IX) against those defendants. Dkt. 28, ¶ 184. Although a plaintiff may plead claims alternatively based on express contract and an unjust enrichment, the unjust enrichment claim cannot include allegations of an express contract. *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 604 (1st Dist. 2005). Paragraph 140 of Plaintiffs' complaint alleges an agreement of money in exchange for marketing, advertising, and web design services. Dkt. 28, ¶ 140. Furthermore, in Count VIII, Plaintiffs allege that Byerly was hired by Plaintiffs to perform certain duties for the marketing of Skycoin. Dkt. 28, ¶ 176. Plaintiffs are essentially including and asserting contract allegations; therefore, Plaintiffs' claim for unjust enrichment cannot survive dismissal.

Additionally, no recovery under an unjust enrichment theory is permitted unless the plaintiff demonstrates that the defendant has voluntarily accepted the benefits plaintiff purportedly conferred. *Premier Electrical Construction Co. v. La Salle National Bank*, 132 Ill. App. 3d 485, 496 (1st Dist. 1984). Plaintiffs have failed to allege that Byerly accepted any benefit from Plaintiffs. Instead, Plaintiffs allege that Defendants were provided approximately $860,000 without specifying which defendants received any amount of money. Based on Plaintiffs' allegations in Count IX, it is reasonable that this $860,000 allegedly provided to Defendants was paid to Defendant Stephens, Defendant Kunstman, and Defendant Cuthriell, and not Byerly. Additionally, throughout the entirety of Count V, Byerly is never mentioned without an "and" and another name immediately preceding or following her name. There is not a single allegation referring to her alone or referencing any action taken by her. Because Plaintiffs failed to and cannot

allege that Byerly voluntarily accepted any benefit from Plaintiffs, Plaintiffs have failed to state a claim upon which relief can be granted; accordingly, Plaintiffs' claim for unjust enrichment, Count V, must be dismissed with prejudice.

VI.    Plaintiffs failed to state a claim for breach of fiduciary duty

Count VIII of Plaintiffs' Third Amended Complaint is titled as breach of fiduciary duty. The allegations to this count are:

(1) Byerly and co-defendants were hired by Plaintiffs as contractors to perform certain duties for the marketing of Skycoin. Dkt. 28, ¶ 176.

(2) Byerly and co-defendants were to adhere to the terms of the agreement and provide the services promised. Dkt. 28, ¶ 177.

(3) Byerly and co-defendants did not provide the promised services to Plaintiffs despite Plaintiffs having paid for those services. Dkt. 28, ¶ 179.

(4) Byerly and co-defendants had a duty to adhere to the terms of the agreements and to provide Plaintiffs with the promised services. Dkt. 28, ¶ 180.

(5) Byerly and co-defendants breached their duty by failing to adhere to the terms of the agreements and failing to provide Plaintiffs with the promised services. Dkt. 28, ¶ 181.

Plaintiffs do not attach nor reference any written agreements. Plaintiffs are alleging agreements in the plural; it is unclear whether there is more than one agreement with an individual or whether Plaintiffs are referencing a separate agreement with each defendant. There is no more specificity than the agreements were to "perform certain duties." There are no terms referenced whatsoever. Plaintiffs allege that the defendants had a duty to adhere to the terms of the agreements which are not actually set forth. Dkt. 28, ¶ 180. Plaintiffs then allege that the defendants breached their duty to adhere to the terms of the agreements. Dkt. 28, ¶ 181. Plaintiffs never allege that these

contractor agreements created a fiduciary duty on behalf of the defendants; Plaintiffs never allege or even attempt to allege the basis for Byerly's fiduciary duty to Plaintiffs. Plaintiffs never allege that Byerly owed any "fiduciary duty" to Plaintiffs. Throughout the entirety of Count VIII, Byerly is never mentioned without an "and" and another name immediately preceding or following her name. There is not a single allegation referring to her alone or referencing any action or omission taken by her.

It is unclear if this is a breach of contract claim or a breach of fiduciary duty claim. In either instance, Count VIII is factually deficient on its face. In order to state a claim for fiduciary duty, a complaint must allege that a fiduciary duty exists, that the fiduciary duty was breached, and that such breach proximately caused the injury of which the plaintiff complains. *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 782 (7th Cir. 2015). While plaintiffs style this cause of action as breach of fiduciary duty, they do not set forth any facts or allegations that state a cause of action for breach of fiduciary duty. In fact, Plaintiffs do not set forth facts or allegations that create any duty or any breach of duty. Plaintiffs never once allege the existence of a fiduciary duty. Throughout the entire Third Amended Complaint, Plaintiffs use the word "fiduciary" exactly one time: in the header for Count VIII. Dkt. 28, p. 37. Plaintiffs fail to state a cause of action for breach of fiduciary duty in Count VIII. Therefore, Count VIII must be dismissed with prejudice.

## CONCLUSION

Plaintiffs' Third Amended Complaint is wholly deficient and fails to state a single cause of action upon which relief can be granted against Defendant Catherine Byerly. Plaintiffs' fraud claim (Count I) lacks the specificity and particularity required under Rule 9(b) of the Federal Rules. Plaintiffs' civil conspiracy claim (Count II) fails based on its reliance on the fraud claim; furthermore, the civil conspiracy claim fails to allege facts demonstrating any agreement between

Byerly and co-defendants. The tortious interference claim (Count IV) fails to allege any facts which demonstrate Byerly's knowledge of Plaintiffs' relationships or Byerly's intent to interfere with any alleged relationships. The unjust enrichment claim (Count V) fails on its face as Plaintiffs allege an agreement between Plaintiffs and Byerly; additionally, Plaintiffs have not pled any facts demonstrating that Byerly voluntarily accepted any benefit from Plaintiffs. Finally, the breach of fiduciary duty claim (Count VIII) fails to demonstrate the basis of any fiduciary duty owed by Byerly to Plaintiffs, let alone demonstrate how Byerly breached said fiduciary duty to Plaintiffs.

Throughout the entire Third Amended Complaint, there is not a single allegation against Byerly on her own. Every single allegation against Byerly includes a co-defendant's name and an "and" immediately preceding or following Byerly's name. There is not a single allegation directed towards Byerly alone aside from paragraphs 11 through 13 under the Parties section. Plaintiffs have failed, in their Third Amended Complaint, in their eighth attempt to assert a complaint, to state a claim upon which relief may be granted under any theory of recovery; therefore, all counts against Byerly must be dismissed with prejudice.

WHEREFORE, Defendant Catherine Byerly respectfully requests that this Honorable Court dismiss Counts I, III, IV, V, and VIII of Plaintiffs' Third Amended Complaint with prejudice and for any such further relief as this Honorable Court deems appropriate.

Respectfully submitted,

*/s/ Dean Barakat*
*/s/ Anthony F. Scarpiniti*

**Cole Sadkin, LLC**
Dean Barakat (ARDC No. 6255594)
Anthony F. Scarpiniti (ARDC No. 6342607)
1652 W. Belmont Ave., Ste. 1
Chicago, Illinois 60657
(312) 548-8610
dbarakat@colesadkin.com
ascarpiniti@colesadkin.com
*Counsel for Defendant Catherine Byerly*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 11, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<i>/s/ Anthony F. Scarpiniti</i>