IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS INC., a Delaware Corporation, <br><br>Plaintiffs, <br><br>v. <br><br>BRADFORD STEPHENS, AARON KUNSTMAN, JOEL WAYNE CUTHRIELL, MORGEN PECK, CATHERINE BYERLY, ADVANCE MAGAZINE PUBLISHERS INC., d/b/a THE NEW YORKER, and UNKNOWN INDIVIDUALS AND COMPANIES, <br><br>Defendants. | Civil Action No. 1:24-cv-08617 <br><br>Judge: Hon. John Robert Blakey <br><br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

**PLAINTIFFS' RESPONSE TO DEFENDANT CATHERINE BYERLY'S MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

NOW COME the Plaintiffs, BRANDON SMIETANA ("Smietana"), SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company ("Skycoin"), and SYMBOLIC ANALYTICS, INC., a Delaware Corporation (collectively "Plaintiffs"), by and through their attorneys, Barney & Karamanis, LLP, and for their Response to Defendant, CATHERINE BYERLY'S ("Byerly"), Motion to Dismiss Third Amended Complaint Pursuant to Rule 12(b)(6), state as follows:

**INTRODUCTION**

Byerly brings her Motion to Dismiss Third Amended Complaint Pursuant to Rule 12(b)(6) ("Motion to Dismiss") attacking all five of Plaintiffs' counts against her: Count I (Fraud), Count III (Civil Conspiracy), Count IV (Tortious Interference), Count V (Unjust Enrichment, and Count

1

VIII (Breach of Fiduciary Duty), arguing that Plaintiffs have failed to meet the Rule 12(b)(6) pleading standards. Plaintiffs' Third Amended Complaint (Dkt. 28) sufficiently meets all pleading requirements set forth to properly establish an action for all claims made against Byerly. Therefore, this Court should deny Byerly's Motion to Dismiss in its entirety.

## STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 20-521 (7th Cir. 2001). A pleading must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the motion to dismiss stage, Plaintiffs only need to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, the Court will construe the complaint "in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020). "Plaintiff need not allege every conceivable fact to survive a motion to dismiss." *ABN AMRO, Inc. v. Capital Int'l, Ltd.,* 595 F. Supp. 2d 805, 837 (N.D. Ill. 2008).

## ARGUMENT

**I.      PLAINTIFFS' FRAUD CLAIM IS SUFFICIENTLY PLED.**

To state a claim for fraud, Plaintiffs must allege: "(1) [Defendant] made a false statement of material fact; (2) which [Defendant] knew or believed to be false; (3) with the intent to induce [Plaintiffs] to act; (4) the [Plaintiffs] justifiably relied on the statement; and (5) the [Plaintiffs] suffered damage from such reliance." *Smart Oil, LLC v. DW Mazel, LLC,* 970 F.3d 856, 866 (7th Cir. 2020). For common law fraud, a complaint must plead that the defendant knew the alleged misrepresentations were false, and that the plaintiff in turn relied on the false statements.

2

*Biesterfeld v. Ariosa Diagnostics, Inc.,* 2022 U.S. Dist. LEXIS 59944, at 11 (N.D. Ill. Mar. 31, 2022); *See also Castlerigg Master Invs., Ltd. v. Abbvie, Inc.,* 2021 IL App (1st) 200527, 191 N.E.3d 121, 2021 WL 1213171, at *4 (2021). Allegations of fraud are also subject to FRCP 9(b)'s heightened pleading standard of stating the claims with particularity. Court must still accept a plaintiff's factual allegations as true and draw all reasonable inferences in their favor. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Furthermore, courts have held that a plaintiff has more leeway when the facts supporting the allegations are in the exclusive knowledge of the defendant. *Colman v. Greenfield*, 2005 U.S. Dist. LEXIS 23498, at 16 (N.D. Ill. Oct. 11, 2005).

The facts pled in Plaintiffs' Third Amended Complaint plainly describe instances of fraud, and Plaintiffs establish each element of fraud throughout Count I, with particularity. First, the Complaint states that the named Defendants in the claim, including Byerly, represented themselves as a legitimate advertising and marketing firm that would provide services such as web designs and various forms of advertising. Dkt. 28 ¶¶ 92, 105(a)-(g).

Next, the Third Amended Complaint pleads Byerly's knowledge of the falsity of her claims: "These representations were knowingly false when made." Dkt. 28 ¶¶ 99, 103. Plaintiffs then continue to describe Defendants' intent to induce payments and to solicit money from Plaintiffs based on the fraudulent statements made (Cmplt. ¶¶ 155, 157). Plaintiffs relied on the above statements and hired Defendants for their "marketing services."

To plead the final element for fraud, Plaintiffs exhibit several detailed accounts of damage from their reliance on Byerly's fraud. The Third Amended Complaint clearly describes an initial payment by Plaintiffs of $800,000.00, followed by an additional $60,000.00. Dkt. 28 ¶ 101. Then, the Third Amended Complaint lays out that Byerly and co-Defendant Bradford Stephens

3

("Stephens") created scenarios orchestrating fraudulent crises and numerous misrepresentations to solicit money, which Plaintiffs justifiably relied on. Dkt. 28 ¶¶ 105(a)-(g), 106. The instances include: lying about, concealing and denying history of litigation against Byerly and Stephens' associates, business partners, and former corporations (Dkt. 28 ¶¶ 91, 98-100, 105(a)-(b)); failing to inform Plaintiffs of the FTC Order and government sanctions against their former company, even when explicitly asked about any history of litigation prior to payment and contract negotiations (*Id.*); falsely representing that an unknown third party was targeting Skycoin by linking pornographic blogs and other harmful spam content to Skycoin's website (Dkt. 28 ¶¶ 35, 105(c); falsely agreeing to seek written pre-approval from Plaintiffs for incurred expenses (Dkt. 28 ¶ 105(d); falsely representing that Byerly and Stephens would provide marketing, advertising, and web design services to Plaintiffs (Dkt. 28 ¶¶ 92-97, 105(e)-(f); and falsely representing the expenses and costs of said marketing and advertising services (Dkt. 28 ¶ 105(g).

As a result of these acts, Plaintiffs allege substantial economic loss through the loss of business, revenue, contacts, market visibility, and damage to reputation. Dkt. 28 ¶ 107, *see also* ¶¶ 22-87, "Facts Common to All Counts." The Third Amended Complaint contains detailed facts spanning over twelve (12) pages to support Plaintiffs' allegations of fraud, making Byerly's assertion that Plaintiffs' Count I lacks specificity or particularity entirely baseless. It is very clear from the alleged facts that this fraud strikes at the heart of every interaction between Plaintiffs and Byerly before, during, and after any agreement was made regarding marketing. For these reasons, this Honorable Court should deny Byerly's Motion to Dismiss as to Count I.

II. **PLAINTIFFS' CIVIL CONSPIRACY CLAIM IS SUFFICIENTLY PLED.**

Byerly next attempts to argue that Plaintiffs' Count III for Civil Conspiracy is void of facts to support the required elements to state a claim. In Illinois, civil conspiracy consists of "a

4

combination of two or more persons for the purpose of accomplishing, by some collaborating action, either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate Ltd.*, 164 Ill.2d 54, 62-63 (1994); *see also Georgeson v. Dupage Surgical Consultants, LTD,* 2005 U.S. Dist. LEXIS 14901, at 6 (N.D. Ill. July 26, 2005). The first substantive paragraph of Count III outright pleads "Stephens, Kunstman, Cuthriell, Peck, Byerly, and Unknown Individuals and Companies conspired to destroy Skycoin's reputation and Plaintiffs' business by publishing false and inflammatory news articles and to extort Plaintiffs of money through making monetary demands in exchange for the articles not being published." Dkt. 28 ¶ 123. Count III realleges the first 87 paragraphs of the Third Amended Complaint, encapsulating specific facts consisting of fraud. Dkt. 28 ¶ 122. Plaintiffs then set forth fifteen (15) specific instances, supported by facts, to support the showing of tortious acts committed in furtherance of Byerly's agreement with her co-Defendants. Dkt. 28 ¶ 124(a)-(o). Moreover, Count III specifically pleads that Byerly and her co-Defendants and co-conspirators "worked in concert with one another to accomplish this fraud as evidenced by their various communications and concerted acts against Plaintiffs," and intended to defraud Plaintiffs out of their money, their product, and to tortiously interfere with their business relationships." Dkt. 28 ¶¶ 125-126. The Count ends by pleading damages caused by the conspiracy. Dkt. 28 ¶ 127. As evidenced, Plaintiffs have sufficiently plead Civil Conspiracy and their underlying fraud claims to survive Byerly's Motion to Dismiss.

### III. PLAINTIFFS' TORTIOUS INTERFERENCE CLAIM IS SUFFICIENTLY PLED.

Defendants, once again, conveniently ignore the facts set forth in Count VI of the Third Amended Complaint. Count VI realleges paragraphs 1 through 87 of the Third Amended Complaint, which detail the foundation for Defendants' involvements with one another, including

Byerly, and their involvement in a marketing scheme and online attacks against Plaintiffs. Dkt. 28 ¶¶ 35-42.

Tortious interference with a business relationship, requires pleading (1) a reasonable expectation of future business with a third party, (2) defendant's knowledge of the prospective business, (3) defendant's purposeful interference to prevent the expectancy from being fulfilled, and (4) resulting damage to the plaintiff. *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998). Count VI step by step identifies the elements and facts to support a tortious interference claim. In brief, the Plaintiffs (1) developed relationships with various vendors participated in certain internet exchange markets in order to do business, (2) Defendants were fully aware of that Plaintiffs' Skycoin Tokens must be sold on the internet exchange markets, and (3) Defendants intentionally made public statements harming the reputation of Plaintiffs, including false allegations of drug use and criminal charges against Smietana, resulting in removal of Plaintiffs' products from several of the exchanges. Dkt. 28 ¶ 136(a)-(g). In *SC Logistics, Inc. v. Innovative Movements, Inc.*, the Court denied the motion to dismiss the plaintiff's tortious interference claim, reasoning that DSC alleged a reasonable expectation of future business, knowledge by the Defendants of that business expectancy, interference in the form of an email, and damages. 2004 U.S. Dist. LEXIS 1412, at *8 (N.D. Ill. Feb. 4, 2004). Here, Plaintiffs' pleadings have far surpassed those set forth in by the DSC Court, therefore Byerly's Motion to Dismiss must be denied as to Count IV.

IV. **PLAINTIFFS' UNJUST ENRICHMENT CLAIM IS SUFFICIENTLY PLED.**

Plaintiffs sufficiently state a claim for unjust enrichment, pleading both that Byerly retained a benefit to Plaintiffs' detriment and that the retention of the benefit violates fundamental principles of justice, equity, and good conscience. *Cleary v. Philip Morris, Inc.,* 656

F.3d 511, 517 (7th Cir. 2011). Unjust enrichment can be brought about by unlawful or improper conduct, such as fraud, duress, or undue influence. *Alliance Acceptance Co. v. Yale Insurance Agency*, 271 Ill.App. 3d 483, 492, 648 N.E.2d 971 (1st Dist. 1995); See also *West v. Act II Jewelry*, *LLC*, 2016 U.S. Dist. LEXIS 34963, at 9 (N.D. Ill. Mar. 18, 2016) (where the court upheld plaintiff's unjust enrichment claim stating that the alleged fraud is separate and apart from the alleged contractual relationship). Here, Plaintiffs do just so by pleading that Byerly and her co-Defendants obtained between $2,000,000.00 and $4,000,000.00 in Skycoin Tokens through false reward applications and that the funds and goods unjustly retained were stolen by fraudulent means. Dkt. 28 ¶ 143. Plaintiffs then explicitly plead that they received no equivalent value for the retained funds and goods and that it would be "unconscionable and against fundamental principles of justice, equity, and good conscience for [Defendants] to retain the benefit from those funds…" Dkt. 28 ¶ 146.

Finally, as to the contractual argument raised by Byerly, the unjust enrichment allegations are not fully tied to the terms of any agreements between Plaintiff and Defendants, including Byerly, especially the fraudulently obtained up to $4,000,000.00 worth of Skycoin Tokens. Nonetheless, it was Plaintiffs intention to plead unjust enrichment in the alternative from any contract claims. *Rijing Steel Tech. Co. v. Crown Brands LLC,* 2022 U.S. Dist. LEXIS 54048 (N.D. Ill. March 25, 2022) (Federal courts permit alternative pleading under Fed. R. Civ. P. 8(d): "A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient [and] '[a] party may state as many separate claims or defenses as it has, regardless of consistency,'") (quoting Fed. R. Civ. P. 8(d)). If this Court finds it necessary, this oversight can easily be remedied with leave of Court to amend the

pleadings on their face and add that Count V is pleaded in the alternative. As to the sufficiency, Plaintiffs have alleged sufficient facts to satisfy the elements for unjust enrichment, and Byerly's Motion to Dismiss as to Count V must therefore be denied.

### V. PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM IS SUFFICIENTLY PLED.

Plaintiffs adequately set forth facts and allegations that put Byerly on notice for breach of fiduciary duty. Under Illinois law, to state a claim for breach of fiduciary duty a plaintiff must plead: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damages to the plaintiff as a result of that breach. *Robinson v. SABIS (R) Educ. Sys.*, 2000 U.S. Dist. LEXIS 5797 (N.D. Ill. Mar. 31, 2000). "A fiduciary duty arises either as a matter of law or by special circumstances." *Autotech Technology Ltd. partnership v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006). "To determine if special circumstances exist, courts consider the degree of kinship between the parties; the disparity in age, health, mental condition, education, and business experience between the parties; and the extent to which the servient party entrusted his business affairs to the dominant party and placed trust and confidence in it." *Autotech Technology Ltd. Partnership v. Automationdirect.com*, 471 F.3d at 749.

Here, the Third Amended Complaint pleads the existence of a fiduciary duty created when Plaintiffs hired Byerly and her co-Defendants as their marketing agency. Plaintiff entrusted the marketing of Skycoin to Byerly based largely upon her fraudulent representations and then relied upon and trusted her expertise in this particular field. Dkt. 28 ¶ 176-181. Count VIII has properly alleged breach of said duty by the failure to perform marketing services. Dkt 28 ¶ 179. Consequently, the breach resulted in damages to Plaintiffs. Dkt. 28 ¶ 182. Again, all well-pleaded allegations by Plaintiffs are to be taken as true and draw reasonable inferences in Plaintiffs' favor.

*Taha v. Int'l Bhd. of 16 Teamsters,* 947 F.3d 464, 469 (7th Cir. 2020). For those reasons, Byerly's Motion to Dismiss should be denied as to Count VIII.

## CONCLUSION

WHEREFORE, Plaintiffs, BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore corporation, and SYMBOLIC ANALYTICS, INC., a Delaware corporation, by and through their attorneys, request this Honorable Court deny Defendant CATHERINE BYERLY'S Motion to Dismiss Third Amended Complaint Pursuant to Rule 12(b)(6) in its entirety, and for any and such other relief in favor of Plaintiffs this Court deems appropriate.

Respectfully submitted,

BARNEY & KARAMANIS, LLP

/s/James A. Karamanis
James A. Karamanis
BARNEY & KARAMANIS, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Chicago, IL 60601
Tel.: (312) 553-5300
james@bkchicagolaw.com
*Attorney for Plaintiffs*