UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS INC., a Delaware Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BRADFORD STEPHENS, AARON KUNSTMAN, JOEL WAYNE CUTHRIELL, MORGEN PECK, CATHERINE BYERLY, ADVANCE MAGAZINE PUBLISHERS, INC., d/b/a THE NEW YORKER, and UNKNOWN INDIVIDUALS AND COMPANIES, <br><br> Defendants. | Case No. 24-cv-08617 <br><br> Honorable John Robert Blakey |

**DEFENDANT CATHERINE BYERLY'S REPLY IN SUPPORT OF HER
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Defendant Catherine Byerly ("Byerly"), by and through her undersigned counsel, Cole Sadkin, LLC, for her Reply in support of her Motion to Dismiss Plaintiffs' Third Amended Complaint ("Complaint"), states as follows:

**INTRODUCTION**

This is a 198 paragraph Complaint which includes a grand total of three allegations related to solely Byerly. There are no actual acts or facts that are claimed to have been done by Catherine Byerly. There is not a written agreement, there are no facts regarding anything Catherine Byerly agreed to do for or with Plaintiffs. There are no facts directed to Catherine Byerly that she did anything with regard to Plaintiffs. Throughout the long and winding history of this litigation (this is the eight complaint), there are no set of facts that Plaintiffs have set

forth, or can set forth to plead a recognized cause of action. Catherine Byerly must be finally dismissed from this litigation.

**ARGUMENT**

I.    Plaintiffs' claim for fraud fails to meet the heightened pleading standard of Rule 9(b).

Plaintiffs' claim for fraud fails to plead any element with the requisite particularity. Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud claims are pled with specificity, certainty, and particularity including what misrepresentations were made, by whom, when they were made, and to whom. *Board of Education v. A, C & S, Inc.*, 131 Ill.2d 428, 457 (1989). Throughout Plaintiffs' Response brief, Plaintiffs argue that the Complaint states how Defendants made certain representations and describes Defendants' intent. Dkt. 79, p. 3. The Response Brief, just like in the Complaint, fails to identify any actions, inactions, misrepresentations, or intent by Byerly and solely groups Byerly with the other defendants. Every single instance where Byerly is named throughout the Complaint fails to plead with any specificity when the alleged misrepresentations were made, alleged where the misrepresentations were made, or even who made the alleged misrepresentations. Plaintiffs failed to identify any alleged misrepresentations made by Byerly (or the groups she is lumped in with in Plaintiffs complaint) whatsoever because Plaintiffs cannot plead that Byerly made any misrepresentations.

Plaintiffs argue that plaintiffs receive more leeway when facts supporting the allegations are in the exclusive knowledge of the defendant. Dkt. 79, p. 3. This is irrelevant as Plaintiffs have still failed to identify any alleged misrepresentations or even statements made by Byerly.

Plaintiffs also argue that they plead Byerly's knowledge of falsity by pleading, "These representations were knowingly false when made." Dkt. 79, p. 3. This is no more than a legal conclusion and a recitation of an element for proving fraud; this is not a factual allegation. As

pointed out in motion, the plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs have not met their minimal pleading standard, nor at this point can they meet this minimal standard.

Finally, when discussing damages, Plaintiffs lay out various allegations made throughout their complaint. Dkt. 79, pp. 3-4. Once again, throughout all of these allegations, there is not a single allegation which is made against Byerly on her own. These allegations are nothing more than guess, conjecture, and speculation. None of these assertions allege any misrepresentations by Byerly with any specificity, knowledge by Byerly with any specificity, or intent by Byerly with any specificity.

Accordingly, Count I fails to meet the heightened pleading standard of Rule 9(b) to plead fraud and fails to state a claim upon which relief can be granted; therefore, Count I must be dismissed with prejudice.

**II.     Plaintiffs fail to state a claim for Civil Conspiracy.**

Likewise, Plaintiffs' claim for Civil Conspiracy is entirely deficient as Plaintiffs fail to allege the underlying tort of fraud. As previously set forth, to state a claim for civil conspiracy, a plaintiff must allege (1) an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means, (2) a tortious act committed in furtherance of that agreement, and (3) an injury caused by defendant. *Merrilees v. Merrilees,* 2013 IL App (1st) 121897, at   49. An agreement is

an essential element. *Id.* at 50. The complaint must do more than merely characterize a combination of acts as a conspiracy to survive a motion to dismiss. *Id.*

Plaintiffs' first argument in this part of their Response Brief is that they plead "Stephens, Kunstman, Cuthriell, Peck, Byerly, and Unknown Individuals and Companies conspired to destroy Skycoin's reputation and Plaintiffs' business by publishing false and inflammatory news articles and to extort Plaintiffs of money through making monetary demands in exchange for the articles not being published." Dkt. 79, p. 5. This is nothing more than a conclusion of law as no factual allegations are included whatsoever. Plaintiffs discuss how they "set forth fifteen (15) specific instances" to "support the showing of tortious acts committed in furtherance of Byerly's agreement with her co-Defendants." Dkt. 79, p. 5. These "fifteen specific instances" are not specific in any way, shape, or form. There is not a single allegation within the subparagraphs of paragraph 124 of the Complaint which identify any action or omission taken by Byerly. At the risk of endlessly repeating the requirements, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs fail to set forth facts to state a claim for civil conspiracy; specifically, Plaintiffs failed to allege facts which support an agreement between co-conspirators or any facts which meet the heightened standard for pleading fraud. Accordingly, Plaintiffs' Count III must be dismissed with prejudice.

### III. Plaintiffs fail to state a cause of action for tortious interference.

Plaintiffs similarly fail to state a cause of action for tortious interference. Plaintiffs do not identify any actions or omissions by Byerly in Count IV of the Complaint. Plaintiffs do not identify any actions or omissions by Byerly in the Response brief. Instead, Plaintiffs once again group Byerly with the other co-Defendants and generalize that Byerly participated in the same acts as the co-defendants, without any specificity as which defendants performed which acts, and certainly no actual facts as tio Byerly herself let alone then other "defendants".

Under Illinois law, to state a claim for tortious interference a plaintiff must plead facts to plausibly set forth (1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference. *TCC Historic Tax Credit Fund VII, L.P. v. Levenfeld Pearlstein, LLC*, No. 11 C 8556, 2012 U.S. Dist. LEXIS 167791, at *16-17 (N.D. Ill. Nov. 27, 2012)

Plaintiffs have failed to factually plead any allegations related to Byerly's knowledge of Plaintiffs' alleged agreements or expected agreements with internet exchange markets. Plaintiffs have failed to factually plead any allegations demonstrating any intentional or unjustified interference by Byerly which induced or caused a termination of Plaintiffs' alleged expectancy. Even in Plaintiffs' Response brief, Byerly is grouped with her co-Defendants as "Defendants" when Plaintiffs assert that all of the requisite elements have been pled against Byerly. Dkt. 29, p. 6.

Plaintiffs rely on *DSC Logistics, Inc. v. Innovative Movements, Inc.*, 2004 US. Dist. LEXIS 1412, to argue that the court in that case denied a motion to dismiss based on DSC's

alleging a reasonable expectation of future business, knowledge by the defendants of that business expectancy, interference in the form of an email, and damages. Dkt. 29, p. 6. Notably, in *DSC Logistics*, the "basis of the suit was an email sent by the manager criticizing the company's policies, practices, and integrity." *DSC Logistics, Inc. v. Innovative Movements, Inc.*, No. 03 C 4050, 2004 U.S. Dist. LEXIS 1412, at *1 (N.D. Ill. Feb. 4, 2004). The email sent by the second named defendant and manager of Innovative Movements, Inc (Ike Bakhsh) was affixed to the complaint as exhibit A and clearly identified Bakhsh as the author of the email. Complaint at 10, Ex. A, *DSC Logistics, Inc.*, 2004 U.S. Dist. LEXIS 1412 (Dkt. 1 at pp. 9, 17).

The allegations in Count IV for tortious interference against defendants collectively are that the defendants "orchestrated various schemes to undermine the reputation of Plaintiffs and cause these internet exchange markets . . . to remove Plaintiffs' products from their exchanges" and that the defendants "acted in concert to cause these internet exchange markets to remove Plaintiffs' Skycoin products from those markets." Dkt. 28, ¶¶ 132, 136. Put simply, Plaintiffs allege that they do business with various exchanges and that the defendants interfered with their ability to conduct business on those exchanges. Yet again, these allegations do not rise to the level of stating a claim.

While Plaintiffs argue that their pleadings have "far surpassed those set forth in by the DSC Court" (Dkt. 79, p. 6), this argument fails. Unlike the *DSC* complaint which identifies actions by the individual defendant, the Complaint at issue fails to identify any interference by Byerly whatsoever. Accordingly, Plaintiffs have failed to state a cause of action for tortious interference; therefore, Count IV must be dismissed with prejudice.

### IV. Plaintiffs failed to state a claim for unjust enrichment

Plaintiffs' claim for unjust enrichment fails to state a claim. As discussed in the Response Brief, Plaintiff allege that Byerly and co-Defendants obtained large amounts of money in Skycoin Tokens through false reward applications. Dkt. 79, p. 7. Once again, Plaintiffs rely upon their grouping of Byerly with the other defendants as Plaintiffs fail to identify a single act taken by Byerly on her own. Plaintiff pleads no facts, conclusions, speculation regarding Byerly. Merely adding Byerly's name to a group of defendants is wholly insufficient. The allegations themselves against all the defendants are mere guess, speculation and conclusion which do notn meet the bare minimum pleading standard, let alone as to Byerly herself.

As discussed in Plaintiffs' Response brief, Plaintiffs pled that "Byerly and her [alleged] co-conspirators obtained between $2,000,000.00 and $4,000,000.00 in Skycoin Tokens" (Dkt. 79, p. 7), yet Plaintiffs never plead that Byerly individually obtained any benefit or monetary amount in Skycoin Tokens. There is no substantive allegation which indicates that Byerly took any actions whatsoever including false reward applications or fraudulent means.

While Plaintiffs claim they had intended to plead unjust enrichment in the alternative from any contract claims (Dkt. 79, p. 7), which is permissible under Fed. R. Civ. P. Rule 8(d), Plaintiffs did not do so. To the contrary, this is Plaintiffs **eighth iteration** of their Complaint. Had Plaintiffs intended on pleading unjust enrichment in the alternative from any contract claims, surely Plaintiffs would have done so in at least one of the eight iterations of this Complaint.

Because Plaintiffs failed to and cannot allege that Byerly voluntarily accepted any benefit from Plaintiffs, Plaintiffs have failed to state a claim upon which relief can be granted; accordingly, Plaintiffs' claim for unjust enrichment, Count V, must be dismissed with prejudice.

V. **Plaintiffs failed to state a claim for breach of fiduciary duty**

Count VIII of Plaintiffs' Third Amended Complaint is wholly deficient and fails to state a claim. While Count VIII is titled as breach of fiduciary duty, Plaintiffs never even attempt to allege the existence of a fiduciary duty owed by Byerly to Plaintiffs. Plaintiffs allude to hiring Byerly and co-Defendants and claim that Byerly and co-Defendants were to adhere to the terms of an agreement which was not affixed to the Complaint. Dkt. 28, ¶¶ 176-177. The term "fiduciary" is only included in the Complaint one time: in the header for Count VIII. Dkt. 28, p. 37.

In order to state a claim for fiduciary duty, a complaint must allege that a fiduciary duty exists, that the fiduciary duty was breached, and that such breach proximately caused the injury of which the plaintiff complains. *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 782 (7th Cir. 2015). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs argue in their Response brief that Plaintiffs plead "the existence of a fiduciary duty created when Plaintiffs hired Byerly and her co-Defendants as their marketing agency" (Dkt. 79, p. 8) yet fail to identify which allegations in their Complaint actually includes that allegation. Plaintiffs' assertion that they allege the existence of a fiduciary duty cannot be accurate when the Complaint does not include that allegation.

Additionally, Plaintiffs argue that Plaintiffs "properly alleged a breach of said duty by the failure to perform marketing services." Dkt. 79, p. 8. It is confusing how Plaintiffs jumped to the conclusion that Byerly owed Plaintiffs a *fiduciary duty* to perform marketing services in the absence of any contract, agreement, or even terms of a contract or agreement.

In their Response brief, Plaintiffs do not clarify whether there is more than one agreement with an individual or whether Plaintiffs are referencing a separate agreement with each defendant. Similarly, Plaintiffs do not clarify what any terms of the alleged agreements actually are. Plaintiffs do not set forth if there was a written agreement, multiple written agreements, oral agreements, nor any specific terms of any such agreements. It's not just that there is no specificity, guess conjecture or speculation, plaintiffs provide no allegations of what Byerly was to provide under these alleged agreements, how the agreement created a fiduciary duty, how she failed to perform the unspecified duties and how any breach of fiduciary duty occurred. There are no facts as to Catherine Byerly, no facts supporting an agreement, what service Byerly ws to perform or provide, how she failed to perform or provide these phantom services based upon the amorphous "agreement". Furthermore, these agreements need to specifically create a fiduciary duty, that is then breached. None of this exists anywhere in this count or any other allegations in the eighth iteration of this complaint.

It remains unclear whether this is a breach of contract claim or a breach of fiduciary duty claim. In either instance, Count VIII is factually deficient on its face. Regardless, Plaintiffs do not set forth facts or allegations that create any duty or any breach of duty or contract. Plaintiffs fail to state a cause of action for breach of fiduciary duty in Count VIII. Therefore, Count VIII must be dismissed with prejudice.

## CONCLUSION

Plaintiffs' Third Amended Complaint is wholly deficient and fails to state a single cause of action upon which relief can be granted against Defendant Catherine Byerly. Plaintiffs' current iteration of their numerous complaints, contain no facts specific to Defendant Catherine Byerly. Merely adding her name to other defendants does not specify any actual acts or facts with regard to Defendant Catherine Byerly. There are no set of facts that can credibly set forth any recognizable causes of action against Defendant Catherine Byerly.

Plaintiffs' fraud claim (Count I) lacks the specificity and particularity required under Rule 9(b) of the Federal Rules. Plaintiffs' civil conspiracy claim (Count II) fails based on its reliance on the fraud claim; furthermore, the civil conspiracy claim fails to allege facts demonstrating any agreement between Byerly and co-defendants. The tortious interference claim (Count IV) fails to allege any facts which demonstrate Byerly's knowledge of Plaintiffs' relationships or Byerly's intent to interfere with any alleged relationships; there are no allegations that Byerly performed any acts to interfere with any alleged relationships. The unjust enrichment claim (Count V) fails on its face as Plaintiffs allege an agreement between Plaintiffs and Byerly; additionally, Plaintiffs have not pled any facts demonstrating that Byerly voluntarily accepted any benefit from Plaintiffs. Finally, the breach of fiduciary duty claim (Count VIII) fails to demonstrate the basis of any fiduciary duty owed by Byerly to Plaintiffs, let alone demonstrate how Byerly breached said fiduciary duty to Plaintiffs.

Throughout the entire Third Amended Complaint, there is not a single allegation against Byerly on her own. Every single allegation against Byerly includes a co-defendant's name and an "and" immediately preceding or following Byerly's name. There is not a single allegation directed towards Byerly alone aside from paragraphs 11 through 13 under the Parties section.

Plaintiffs have failed, in their Third Amended Complaint, in their eighth attempt to assert a complaint against Byerly, to state a claim upon which relief may be granted under any theory of recovery; therefore, all counts against Byerly must be dismissed with prejudice. This seemingly never ending quest against Byerly supported by no facts must end.

      WHEREFORE, Defendant Catherine Byerly respectfully requests that this Honorable Court dismiss Counts I, III, IV, V, and VIII of Plaintiffs' Third Amended Complaint and dismiss Defendant Catherine Byerly from this action with prejudice and for any such further relief as this Honorable Court deems appropriate.

                                            Respectfully submitted,

                                            */s/ Dean Barakat*
                                            */s/ Anthony F. Scarpiniti*

**Cole Sadkin, LLC**
Dean Barakat (ARDC No. 6255594)
Anthony F. Scarpiniti (ARDC No. 6342607)
1652 W. Belmont Ave., Ste. 1
Chicago, Illinois 60657
(312) 548-8610
dbarakat@colesadkin.com
ascarpiniti@colesadkin.com
*Counsel for Defendant Catherine Byerly*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Dean Barakat*
